## William H. Watkins v. Zebina H. Wallace.

*Judgments : In vacation.* A judgment upon a bond and warrant of attorney as provided by the statute, may be entered in vacation.

*Process : Protection to officer.* A Sheriff will be protected in an action of trespass by an execution which is regular upon its face. *People v. Rix., 6 Mich. 144* recognized and approved.

*Assignment for benefit of Creditors : Conferring power to compromise : To arbitrate: Property in a foreign jurisdiction.* A general assignment is not invalid because it authorizes the assignee to compromise bad debts : nor because it authorizes him to submit disputes to arbitration: nor because some of the assigned property is land in another State, and the assignment is ineffectual to convey land in that State. Lawful acts done in this State cannot be made unlawful by provisions of law having no authority beyond the Territory and the State adopting them.

*Examination of witness: Refreshing recollection.* A witness may refresh his recollection by a paper purporting to be written by his agent and which he has acted on as authentic, and its handwriting need not be proved.

*Evidence : Intent of party.* The testimony of the assignor as to his intent in making the assignment is admissible.

*Charge to Jury : Error, if it may mislead : Quality of proof in civil cases.* It is error for a Court to charge a jury, so as to mislead them into the belief that more stringent proof ₁was necessary than the law requires. In civil cases a jury cannot be required to discard testimony which produces a rational belief, because it does not conclusively establish the fact to be proved.

*Heard July 7 and 8, Decided July 12.*

Error to St. Joseph Circuit.

This was an. action of trespass brought by Zebina H. Wallace claiming under a general assignment for the benefit of creditors, from Robert H. Morrison.

The assignment contained the following special provision :

19 MICH.—H.

"If any dispute or misunderstanding should at any time arise or exist respecting the title to any of the property hereby conveyed or transferred to the said Zebina H. Wallace, or respecting the debts owing to or by the said Robert H. Morrison, the said Zebina H. Wallace is authorized in his discretion to submit the same to and have the same determined by arbitrators or referees; and he is also authorized to compound and liquidate any of the said debts owing to the said Robert H. Morrison which he may deem bad or doubtful, for such proportion thereof and upon such terms as he may deem proper and most for the interest of the said creditors of the said Robert H. Morrison."

The defendant justified the taking of the property under an execution issued upon a judgment rendered in vacation in the Circuit Court for the County of St. Joseph in favor of James H. Bowen and others upon a bond and warrant of attorney against Morrison, the assignor, by virtue of which he had as Sheriff of St. Joseph County seized and sold the property. He also justified the taking by virtue of sundry writs of attachment in favor of Thomas W. Coughlan and others, against Morrison, all of which however, were issued after the seizure of which the plaintiff complained and on that account were at the trial excluded from the consideration of the jury.

A portion of the real estate within the descriptive words of the assignment, being situated in the State of Indiana did not pass to the assignee; the laws of that State with reference to general assignments by debtors in embarrassed circumstances, not being complied with.

On the trial, Morrison the assignor being under examination as a witness was asked—"Why did you make the assignment?" The question was objected to, but was allowed and the witness answered—"I made it for the purpose of making a distribution of my property among my

creditors and to relieve myself from my embarrassed condition." While this witness was under examination a letter purporting to have been written by Lipman & Ellery was put into in his hands, the genuineness of it not having been proved, and he was requested to " Look at and see if that is the correct amount received by you." The use of the letter as a memorandum for the witness was objected to by Defendants' Counsel, but the objection was overruled. Several witnesses were examined for the purpose of, showing fraud in fact in the assignment. The jury found for the plaintiff below and a judgment being rendered on the verdict, the defendant below brings the cause into this Court by writ of error.

*Riley & Carpenter* and *H. F. Severens*, for plaintiff in error.

I. The assignment in question was void upon its face. An assignment with preferences for the benefit of creditors must be one susceptible of being *carried out according to its terms.* For the supervision of the Courts over the trust is only for the purpose of enforcing it in the mode pointed out by the assignment; nor can the Courts interfere, so long as the assignee is proceeding in that mode. Hence the assignment should simply contain an effectual conveyance of the debtor's property upon trust and declare the order of preferences. If it goes beyond this, and in the directions for the execution of the trust, authorizes the assignee to do that which the *law* would not authorize, without directions from the assignor, the assignment is' in judgment of law void as against creditors, as tending to hinder and delay them. — *Dunham v. Waterman, 17 N. Y. 9; Nichols v. McEwen, 17 N. Y. 22; Jessup v. Hulse, 29 Barb. 539; s. c. 21 N. Y. 168 ; Rapalee v. Stewart, 27 N. Y. 310 ; Manning v. Pierson, 2 Mich. 445 ; Sutton v. Hanford, 11 Mich. 513 ; McIntyre v. Benson, 20 Ill. 501.*

The application of this principle condemns this assignment upon several grounds.

1. It provides for the submission to arbitration of any question relating to the title of the assigned property, real or personal. Arbitration respecting the title to real estate is expressly forbidden by the laws of this state.—*Comp. Laws, 1,358, Sec. 2; Olcott v. Wood, 14 N. Y. 38.*

2. Again the question of what was the homestead of Morrison, and how much should be included in it was one upon which a misunderstanding might arise, as also what personal property was exempt from execution. Certainly the assignor could not authorize the assignee to refer such questions to a reference or arbitration to which the assignor or his family should be a party in interest.

3. This assignment also authorizes the assignee to compound the debts due the assignor, for such proportion thereof, and *upon such terms* as he may deem proper. This enables the assignee not only to determine what proportion he will take, but to determine also *the terms of the compromise,* which must upon familiar rules of interpretation relate to other matters than the proportion, (or the words are meaningless), and would enable the assignee to extend the time when the proportion must be paid.—*Hutchinson v. Lord, 1 Wis. 286.*

Such an extension would be an available means in the hands of the assignee to get a larger proportion, and thereby increase the surplus for the assignor. This makes the assignment void within the principle of the following cases:—*Sutton v. Hanford, 11 Mich. 513; Barney v. Griffin, 2 N. Y. 365; Nicholson v. Leavitt, 6 N. Y. 510–18; Porter v. Williams, 9 N. Y. 142; Brigham v. Tillinghast, 13 N. Y. 215; Burdick v. Post, 12 Barb. 168; s. c. 6 N. Y. 522; Rapalee v. Stewart, 27 N. Y. 310; Keep v. Sanderson, 12 Wis. 362.*

4. And it is a further rule governing this class of instru-

ments, that the rights of parties must be definitely fixed by the assignment at the time of its execution and delivery, and it must be absolute and unconditional. — *Pierson v. Manning, 2 Mich. 449—60, and cases there cited. Compare Heacock v. Durand, 42 Ill. 230.*

5. It has repeatedly been held that the assignor could not authorize the assignee to compound with creditors· Upon the same principle must stand the provision in this assignment authorizing the assignee to submit to reference any question touching the debts owing to the creditors of R. H. Morrison,

6. These objections appearing upon the face of the instrument it was the duty of the Court to declare, as matter of law, that the assignment was void.—*Pierson v. Manning, 2 Mich. 449; Sutton v. Hanford, 11 Mich. 513; Burrill on Assignments, (2d Ed.) 431.*

7. Being void in part, it is void in the whole. Purporting to be a general assignment it must stand or fall together. — *Pierson v. Manning, supra, 460; Nichols v. McEwen, 17 N. Y. 22; Kirby v. Ingersoll, Harrington Ch. 172.*

II. As to the effect of the Statute of Indiana upon the assignment,

1. There was no question in respect to the fact, which was apparent upon inspection of the assignment and of the statute of Indiana, that it was not in compliance with the law of that State, and would be invalid there, unless it could be sustained there upon the ground that it was executed abroad in compliance with the law of the place of execution. And if the property in Indiana, attempted to be assigned, were personal property, such result would upon the preponderance of authority, perhaps, follow. But it being of real estate the form and validity of any conveyance of it must depend upon the *lex loci rei sitæ,* and if the conveyance is forbidden by that law it is void in respect to such property.—*Story's Conflict of Laws, Secs.*

*424, 428, 435; Rogers v. Allen, 3 Ohio 488; McCullough Heirs v. Rodrick, 2 Ohio 234; Loving v. Pairo, 10 Iowa 282; Fairchild v. Hunt, 1 McCarter N. J. Ch. 367; Bentley v. Whitmore, 3 C. E. Green N. J. Ch. 366.*

2.  The law presumes that the assignor knew the law of the State where the real estate with which he undertook to deal was situated, and that the transfer must be in accordance with that law.—*Merchant's Bank v. Spaulding, 12 Barb. 302; Ex'rs of Combioso v. Assignee of Moffet, 2 Wash. C. C. R. 98.*

3.  Then the question arises whether if the assignment is invalid as an entirety, it can be sustained as a partial one. 1 *Am. L. Cas. 75—(4th Ed.); Burrill on Assignments, 123 —(2d Ed.)*

4.  This assignment purports to be a general one of all the property of the debtor. But it is not so and the assignor knew it. The result is that while on its face it purports to be a general assignment of all the property of the debtor, it leaves a part thereof so purporting to be assigned under the control of the debtor, which is the very case in *Smith v. Mitchell, 12 Mich. 180.*

It can make no difference in the application of the principle how the result is brought about. It is the *effect* which the law looks at.—*Pierson v. Manning, supra 455.*

5.  The result is precisely the same here that it would be if in a general assignment the debtor should make reservations of portions of his property to himself in which case the assignment would be void.—*Mackie v. Cairnes, 5 Cow. 547; Goodrich v. Downs, 6 Hill, 438.*

6.  If the conveyance *as made* does not operate to convey all the property of the debtor, but leaves a portion thereof unaffected by it, it reserves a portion to the assignor against the form of the deed, making it even more deceptive and fraudulent than in the case of an actual reservation upon the face of the instrument.—*Burrill on Assignments, 256, §§ 3 and 4, (2d Ed.)*

7. Again if the assignment had purported to be of property situated in this State, but so defectively executed that it was ineffectual to pass a part of the property, so purporting to be assigned, the assignment would have been void, and the case is not altered by the fact that Indiana property is beyond our jurisdiction and not subject to our laws.

8. It has been repeatedly held that a preferential assignment is in judgment of law fraudulent when it is so drawn that it is ineffectual as a legal conveyance.—*Baldwin v. Peet, 22 Texas 708; Barker v. Bean, 5 Fost. N. H. 412; Muzzey v. Noyes, 26 Vt. 462; Manning v. Pierson, sup.*

9. If the assignor were not chargeable with knowledge of the law of the State of Indiana, then inasmuch as *upon the face of the instrument* it appears that he intended to convey all his property, including the real estate of Indiana, and it is incapable of being carried out, the assignment taken as a whole would operate such a distribution of the assignor's property as he never intended, if his purpose was not fraudulent, and would destroy the whole scheme of the assignment and defeat the order of preferences.

The consequences are shown by the proof in the case at bar, where one of the creditors seized by attachment a part of the assigned property in Indiana.

We insist that to allow an assignment to stand under such circumstances as a partial one, would be contrary to the expressed intention of the assignment, and be unjust to creditors, and that as to them it ought to be declared void in law.—The case would fall within the condemnation of the principle applied by the Court in—*Kirby v. Ingersoll, 1 Doug. 477-494; Leitch v. Hollister 4 N. Y. 211-15.*

The construction of the statute of Indiana *when proved* was a question of law for the Court, and if upon looking at the assignment, and the statute of that State it was ap-

parent that the assignment was fraudulent or void in law it was the duty of the Court to so declare.

10.   This assignment places the creditors in a position where they must, if they acquiesce in the assignment, be bound by it according to its terms.   These Chicago creditors could not be heard to say, if they acquiesced in it, that it ought not to be completely and precisely executed.

They would therefore be compelled to forego the right which they have to, at least, an equal distribution of the property in Indiana, if they acquiesce in this assignment. —*Rapalee v. Stewart, 27 N. Y. 310; Geisse v. Ball, 3 Wis. 367; White v. Banks, 21 Ala. 705; Hone v. Henriquez, 13 Wend. 240; Volenti non fit injuria.*

But being residents of a State foreign to this, they have the right to the benefit of the law of Indiana and the rights secured by its application to property there, in the satisfaction of their debt.

If, as is usually the case, the assigned property will not pay all the debts, the result is that the preferred creditors would very likely get all the property, including that in Indiana.   A debtor has no right to place his creditors in such a position. — *Wakeman v. Grover, 4 Paige, 41; s. c. 11 Wend. 203–21; Hyslop v. Clark, 14 Johns, 462; Averill v. Loucks, 6 Barb. 570.*

11.   But the Court below not only refused to construe the statute of Indiana, but charged the jury as matter of law that the fact that the assignment complied with our law but was in violation of the law of Indiana would " have no tendency to invalidate the assignment in this State."   If the Court should surrender the question to the jury in this way as one of fact, we submit that proof that the assignment was a nullity when coupled with the legal presumption that the assignor knew that it was so, was pregnant evidence to show that the assignment was fraudulent in fact.

12. The fact that the assignor resided, and the assignment was executed out of the State of Indiana, does not change the case, for the statute provision respecting the recording would operate nevertheless, and would in such case be satisfied by the recording of the assignment in the County where the land lies.—*Scott v. Guthrie, 10 .Bosworth, 408.*

III. We call the attention of the Court to the requests to charge the jury—"That if the deed of assignment does not operate to convey all of the property of the assignor, the law presumes he did not intend so to convey it,"—and —"That fraud in fact, or an express intent to commit fraud is not necessary in order to render the conveyance fraudulent as against creditors. It is sufficient if the effect of the conveyance is to delay or hinder creditors in the collection of their debts." Both of these requests contained principles of law settled by this Court and elsewhere, and we were entitled to the benefit of them, and especially as bearing upon the questions above discussed. — *Pierson v. Manning—sup.; Leitch v. Hollister, 4 N. Y. 214; Nicholson v. Leavitt, 6 N. Y. 510; Buck v. Sherman, 2 Doug. 176; Mitchell v. Stiles, 13 Penn. St. 309; Gibson v. Love, 4 Flor. 217; Bowman v. Draughan, 3 Stew. Ala. 243; Arthur v. Com. & R. R. Bank, 9 Sm. & Mar. 394.*

IV. The attachment proceedings in favor of Coughlan, Rundle & Co., were admissible. Defences were possible under one process which might not have been under the other. They were also admissible upon the question of damages. — *Olcott v. Hanson, 12 Mich. 452. ; Wright v. DeGroff, 14 Mich. 164.*

V. The Court erred in allowing the assignor to state to the jury what his intentions were in making the assignment. There are conflicting decisions upon this point, but it seems to us that the reasons for the exclusion of such a question are too strong to be overcome.

VI. As to the letter of Lipman & Ellery, and the use

allowed to be made of it by the assignor who was on the stand as a witness; — there is no principle on which the witness could be permitted to use the letter as a memorandum, and there were fatal objections against such use. It was not a memorandum made by himself nor was it proved who wrote it, nor did the witness swear that he knew it to be correct when it was written. *1 Greenl. on Evidence, Sec. 437.*

VII. The Court erred in refusing to charge that it is the duty of the assignee, if he cannot sell the property at its fair cash value at private sale immediately, to sell at auction—that he cannot delay the sale for the purpose of retailing the goods, and that evidence of such delay would tend to show the assignment fraudulent. This rule was taken from the language of a distinguished judge—approved by Burrill in his work on assignments. — *Hart v. Crane, 7 Paige, 37 ; Burrill on Assignments, 499, (2d Ed.)*

VIII. If the question of the validity of the assignment depended upon the secret purpose with which it was made, which secret purpose was to be proved by evidence *aliunde,* then although the assignor intended to have the assignment *executed and carried out according to its terms,* that would not be decisive of the validity of the assignment as charged by the Court, for he may have intended this very thing as a means of furthering a secret purpose to hinder and delay his creditors.

Indeed, if the question was one of fact for the jury upon extrinsic proof, we are at a loss to see how the Court could give such an instruction as matter of law. It was erroneous upon any view that can be taken of the subject.

IX. The Court charged the jury that all legal intendments and presumptions are in favor of the validity of assignments the same as other instruments. Whether this was true or not as a maxim of construction to be employed by the Court, ( which we deny, see *Gay v. Bidwell, 7 Mich.*

*523*,) it was wholly improper as an instruction to the jury. If the question of fact was for them, what had they to do with the intendments and presumptions of law? The law neither intended nor presumed anything, but left the whole question with them.—*Oliver v. Eaton, 7 Mich. 114; People v. Garbutt, 17 Mich. 27 ; Perrott v. Shearer, 17 Mich. 54.*

X. So of the next charge, that proof of the fraud "must be clear and conclusive." If the proof satisfied the jury of the fraud, most clearly there is no rule of law that requires it to be "conclusive." *Gordon v. Parmelee, 15 Gray 413.* Indeed, when the the whole question is surrendered by the law as one of fact, it is not so jealous and fickle as to resume and assert its dominion the instant the jury enter upon the inquiry.

XI. The Court also erred in charging the jury that "upon the execution of the deed of assignment by Robert H. Morrison, and the acceptance by the assignee, Z. H. Wallace, of the trust, the creditors of Robert H. Morrison became vested with an interest in the property assigned." This was a *petitio principii.* They would not become vested with an interest in the property unless the assignment was a valid one, which was the question being tried.

XII. The judgment rendered in the case of *Bowen Bros. v. Morrison* was properly entered up in vacation, and properly signed by the Clerk, in the absence of the Judge.—*2 Comp. Laws, §4,441; Trombly v. Parsons, 10 Mich. 272; 2 N. Y. Rev. St. 360, §§ 9 and 10; Manufacturers etc., Bank v. St. John, 5 Hill 497; Blakie v. Griswold, 10 Wis. 293; Lathrop v. Snyder, 17 Wis. 110.*

*W. L. Stoughton,* for Defendant in Error.

The general power to assign property in trust for the benefit of creditors has been recognized and approved in the fullest manner, both by the Federal and State Courts, and by the most eminent American jurists.—*Burr. on*

*Assign.*, *17* ; *Dey v. Dunham, 2 John. Ch. 182-9 ; 1 Am. Lead. Cases, 65 ; Pierson v. Manning, 2 Mich., 460.* And the fact that the assignment was made by an embarrassed debtor to prevent a sacrifice of his property will not render it void.—*Angel v. Rosenbury, 11 Mich.. 241.* No one but a judgment creditor can attack an assignment as fraudulent or invalid.—*Burr. on Assign., 597 ; Hastings v. Belknap, 1 Den., 190 ; Rubens v. Joel, 3 Kern., 488 ; Caswell v. Caswell, 28 Maine, 233 ; Fox v. Willis, 1 Mich., 321.*

In this case the judgment upon which the Plaintiff in Error relied in the court below was, by his own showing, a nullity.—*2 Comp. Laws, 1,207.* The rendition of a judgment is a judicial act. No judicial power is conferred by the Constitution on Clerks of the Circuit Court. —*Const., Art, 6, §. 6–11 and 12 ; Walby v. Callender, 8 Mich., 430.*

It is evident, therefore, that the plaintiff in error established no title to the goods in question, and a judgment ought not to be reversed when the result cannot possibly be changed. — *Barton v. City of Syracuse, 37 Barb. 292 ; City Bank of Brooklyn v. Dearborn, 20 N. Y. 244 ; Minn. Mining Co. v. Nat. Mining Co., 11 Mich. 186 ; Hayden v. Palmer, 2 Hill, 205 ; McDougal v. Flemming, 4 Ham. 389 ; King v. Kenney, 4 Ham. 81.*

I. As to the form of the deed of assignment.

1. The clause authorizing the assignee to submit disputes or misunderstandings to arbitrators, does not invalidate the assignment. The assignee would have the same power without this provision.—*2 Comp. Laws, 1,358 ; Burr. on Assign. 224 ; Mann v. Wilbeck, 17 Barb. 388 ; Vernon v. Morton, 8 Dana, 247.*

The fair and reasonable construction of the assignment is, that the submission should be in accordance with the statute, not in violation of it. Where an honest intent can as clearly be inferred from the language as a fraudulent

one, the court is not at liberty to infer the latter.—*Nye v. Van Husan, 6 Mich. 346.*

All claims relating to real estate, except estates in fee or for life, may be legally submitted to arbitrators. The clause is not, therefore, wholly inoperative; but even if it were, it would not avoid the whole assignment. — *Burr. on Assign. 222; Darling v. Rogers, 22 Wend. 483; Van Nest v. Yoe, Sandf. Ch. 4–6.*

2. The clause authorizing an assignee to compromise bad or doubtful debts does not render the assignment fraudulent or void.—*Burr. on Assign. 225; Brigham v. Tillingham, 15 Barb. 618; Belows v. Patridge, 19 Barb. 176; Conklin v. Conrod, 6 Ohio St. 611; Dow v. Platner, 16 N. Y. 562.*

II. As to the offer of the plaintiff in error to justify under the attachment of Coughlan, Rundle & Co.

This evidence was objected to because—

1. The said attachment was issued and levied subsequently to the alleged trespass for which the action is brought. This is conceded.

2. That it already appears that the property taken was sold under this execution.

The Plaintiff in Error has failed to set out the execution and return. On exceptions every part of the charge must be presumed to be correct and warranted by the evidence so far as the bill does not show to the contrary.—*People v. McKinney, 10 Mich. 54.*

It does not even appear that the Plaintiff in Error had the writ of attachment at the time the alleged trespass was committed. And to say that a trespass can be justified because a writ was afterward placed in the hands of the trespasser, is contrary to all principle, reason, and authority.

III. As to the ruling of the Court, in allowing the wit-

ness Morrison, to answer the question : " Why did you make the assignment ?"

The intent of the witness in making an assignment was a fact material to the issue before the jury, and it was competent for the witness to state such fact.— *Seymour v. Wilson, 14 N. Y. 567; People v. Hart, 35 Barb. 630; Newman v. Crandall, 43 Barb. 448.*

IV. As to the use made of the letter of Shipman & Ellery to the witness Morrison. The letter was not read in evidence. It is immaterial whether the ruling of the Court was technically correct or not, as no injury was done.—*Peck v. Snyder, 13 Mich. 21.* The witness could use a memorandum to refresh his recollection, although not made by himself.—*1 Greenleaf Ev., § 436.*

V. As to the refusal of the Court to charge the jury that the whole assignment was void because preferences among creditors are prohibited by the laws of the State of Indiana, where a part of the real estate of the assignor was situated: It cannot be claimed that this assignment is void in Michigan, because it is not in accordance with the statute of Indiana. This would be abrogating our own statute and giving effect to that of another State.—*See Guillaudet v. Howell; July No. Am. Law Reg. 1867.*

This assignment cannot properly be said to be in violation of the statute of Indiana. The statute of that State cannot reach beyond its own territorial limits. It can neither provide for, nor prohibit an assignment in Michigan. It only governs cases where the assignor resides in that State.—*2 Ind. St., G. & H. 115, § 2.*

The rules governing cases of this kind depend upon the character of the property assigned, and the residence of the parties claiming under or against the assignment.—*Burr. on Assign., 360.*

Real estate is generally governed by the law of the place where it is situated. In regard to personal property

the rule undoubtedly is that its alienation, by assignment or otherwise, is governed by the law of the owner's domicil, subject to a single exception—that the foreign law must not interfere with the rights of the citizens of the States where the transfer is sought to be carried into effect.—*Burr on Assign., 362; Story on Confl. of Laws, §29 400, 404, 420 and 566; Homes v. Ransom, 4 John. Ch. 460; Whipple v. Thair, 16 Pick., 25; Daniels v. Willard, 16 Pick. 36; Burlock v. Taylor, 16 Pick. 335; 22 Pick. 248.*

And this exception does not·extend to a chose in action.—*See Guillaudet v. Howell, and cases there cited.*

VI. As to the refusal of the Court to charge the jury in general and unlimited terms, that an assignment which is void in part is void in the whole: this is not the law.

An assignment, when not actually fraudulent, may be void in part and valid in part, or void in respect to one class or kind of property and valid as to another.—*Burr. on Assign., 444-6; Darling v. Rogers, 22 Wend., 483; Rogers v. DeForest, 7 Paige, 272.* In Pierson *v.* Manning, 2 Mich., 460, the Court says: "Where an assignment is *fraudulent* as to any of its provisions, it is void *in toto.*" In this case there were fraudulent conditions. The case of *Kirby v. Ingersoll, 1 Doug. 477, and Har. Ch. R., 172,* was held fraudulent and void because made by one partner in fraud of his copartner. In this class of cases there is said to be fraud *on the face of the deed.—Burr. on Assign., 430.*

Even where part of an assignment is declared inoperative and void by statute, the rest will stand unless the statute declares the whole to be void.—*Burr. on Assign., 442; Anderson v. Hook, 9 Ala., 704; Darling v. Rodgers, 22 Wend., 483.*

VII. As to the refusal of Court to charge the jury "That if the deed of assignment does not operate to convey all the property of the assignor, the law presumes he did not intend to convey it:" The full extent of the rule is,

that a man is presumed to intend the probable consequences of his act.—*1 Greenleaf Ev.*, § *81 ; Van Pelt v. McGraw, 4 N. Y., 110.*

The effect of the Indiana statute upon the property in that State cannot be said to be the probable consequence of his act.

The law of a sister State is presumed to be the same as our own, unless the contrary is shown.—*Crane v. Hardy, 1 Mich., 56.*

The charge asked for related to the evidence of the Indiana statutes, and must be constructed with reference to it.—*Angel v. Rosenbury, 12 Mich., 241 ; People v. Scott. 6 Mich., 287.*

VIII. As to the refusal of the Court to charge the jury :—" That fraud in fact or an express intent to commit fraud is not necessary in order to render the conveyance fraudulent as against creditors. It is sufficient if the effect of the conveyance is to delay or hinder creditors in the collection of their debts."

If the effect of an assignment is to hinder, delay or obstruct creditors, it is not therefore void.—*Hollister v. Loud, 2 Mich., 316–319 ; Sutten v. Hanford, 11 Mich., 513–520.*

IX. As to the refusal of the Court to charge the jury : " That it is the duty of the assignee, if he cannot sell the property at its fair cash value, immediately to sell at auction. He cannot delay the sale for the purpose of retailing the goods; and if the jury find that in this case the assignee did delay the sale for the purpose of retailing, this would be evidence tending to show an intent to hinder and delay creditors, which would make the assignment void."

Two distinct propositions are embraced in this request, and if the Court was correct in either, the charge will be sustained.

1st. Is it the duty of the assignee to sell immediately ?

Such a rule would defeat the object for which an assign-ment is made.—*Hawkins v. Alsten, 4 Ired. Eq., 137; Haynes v. Crutchfield, 7 Ala., 187; Duboise v. Duboise 7 Ala., 235; Hollister v. Loud, 2 Mich., 321.*

2. Would the delay of the assignee be evidence of an intent to hinder and delay creditors which would render the assignment void.—*Baldwin v. Buckland, 11 Mich., 389; Hollister v. Loud, 2 Mich., 309; Suydam v. Dequindre. Har. Ch., 347; Burr. on Assign., 442; Browning v. Hart, 6 Barb., 91; Shattuck v. Freeman, 1 Met., 10; Knapp's Assignees v. Sherk, 13 Penn. St., 589; McGuire v. Faber, 25 Penn St., 436.*

X. As to the right of the assignee to recover in this form of action, the value of the goods. By an assignment the legal title passes to the assignee and he is clothed with the necessary power to execute the trust.—*Burr. on Assign., 486; Woodard v. Marshall, 22 Pick., 474; Nye v. Van Husan, 6 Mich., 343; Platt v. Scott, 17 N. Y. 478.*

XI. All legal intendments and presumptions are in favor of the validity of assignments the same as other instruments. —*Burr. on Assign, 427; Turner v. Jaycox, 40 Barb., 164.*

XII. Fraud will not be presumed upon slight circum-stances; the proof must be clear and conclusive.—*Buck v. Sherman, 2 Doug., 176; Baldwin v. Buckland, 11 Mich., 389; Hubbard v. Taylor, 5 Mich., 155; Orr v. Lacy, 2 Doug., 230.*

XIII. The execution, delivery and acceptance of the deed of assignment create at once the relation of trustees and *cestui que* trust between the assignee and the creditors.—*Burr. on Assign., 352; Hall v. Denison, 17 Vt., 310; Ingram v, Kirkpatrick, 6 Iredell, Ch. 452.*

XIV. The Court charged the jury according to the re-quest of the Plaintiff in Error on all the material points fully as strong as the law will warrant. And there is

19 MICH.—J.

nothing in the rest of the charge, except the question as to the effect of the Indiana statute, which could have changed the result. Even an erroneous charge which could not affect the verdict is no ground of error.—*Clark v. Moore, 3 Mich., 55 ; Cummings v. Stone, 13 Mich., 70 ; People v. Scott, 6 Mich., 287.*

CAMPBELL, J.

Wallace being general assignee of one Robert H. Morrison, Watkins as Sheriff levied upon a portion of the assigned property under an execution against the assignor, claiming the assignment to be void as against creditors.

This is an action of trespass, brought by the assignee against the Sheriff for the seizure. Judgment was recovered against the latter in the Circuit Court, and the case comes up on writ of error and exceptions.

A preliminary question is suggested upon the record—whether the Sheriff had such process as would justify him. The execution in his hands was issued upon a judgment rendered upon bond and warrant of attorney in vacation.

The judgment was rendered in strict accordance with the statute, and the bond and warrant were both made under the existing laws authorizing such judgment. We do not perceive any reason why such a remedy by agreement is not valid. The proceedings are no more objectionable than statutory foreclosures, where a remedy by agreement in a statutory form, has always been regarded as valid. A party may undoubtedly in civil matters waive his judicial privileges, and must be bound by his agreement when made and enforced according to law. We think the judgment valid.

Had it been irregular, the execution, being in due form, would protect the Sheriff from being a trespasser.—*People v. Rix. 6 Mich. R. p. 144.*

The questions presented relate chiefly to the validity

of the assignment, and to charges made or refused by the Court.

It is claimed the assignment is void upon its face, because it authorizes compromises of bad debts, and because it allows the assignee to submit to arbitration disputes concerning the title to property, and respecting debts.

The power to compromise doubtful debts is one which is useful if not necessary to enable an assignee to close up the estate. It would be absurd to require suits to be brought where there was no reasonable hope of collection. Such debts can generally be managed better by a good business man than by legal process. There is no authority for holding such a provision fraudulent.

The same reasoning applies with force to the clauses allowing arbitration. If there should be cases where the law does not authorize them, we must presume that the assignee will apply a general power, which can have a lawful operation, to lawful purposes. *Nye v. Van Husan, 6 Mich., 346.* We cannot presume he will act fraudulently, and the provision being susceptible of honest application, cannot be said to have that necessary evil tendency which justifies the inference of a fraudulent intent.

Some of the assigned property is land in Indiana, and the laws of Indiana, as shown in proof, do not authorize such an assignment as was made. And it is claimed that the assignment must be treated as if made with the intent to have it operate in Indiana against the laws of that state, and as therefore fraudulent.

We can see no force in this suggestion. The fact that an instrument cannot be enforced in another state is no reason why it should not be enforced here. Even an assignment made under the direction of a Court here would not necessarily be enforced elsewhere. If foreign insolvency and bankruptcy assignments are ever recognized it is only by comity and not by necessity. To allow the laws of

other States to control the legality of the acts and contracts of our own citizens in their domestic operation, would violate· every principle of governmental independence. We cannot compel others to enforce transfers of property within their borders, contrary to their own laws, and we cannot suffer lawful acts done here, to be made unlawful by provisions having no authority beyond the territory of the state adopting them. If no assignment is valid which is not valid wherever the debtor has property, there would be very few valid transfers of that sort. But the only pretext we can have for setting aside an assignment is because it violates our laws, and our laws cannot be violated by a disregard of any but our own policy, and we have no call or jurisdiction to enforce any external and entirely foreign policy with which we have no concern.

The assignment is not void for any of these causes. It can only be defeated by fraud in fact.

It is alleged as error that the Court allowed the assignor to answer what his intentions were in making the assignment. The main inquiry in the case was concerning this intention. Intention is generally proved by circumstances, because usually there is no other mode of proof. But when the only person who knows the fact is accessible as a witness, his answer must necessarily be more direct evidence than any other; and if there is any reason to suspect his candor, the jury can make all the allowances called for by his position and demeanor. The evidence was admissible.

He was also allowed to testify to the amount which he had received for certain stock sold, by referring to a letter purporting to have been written by his selling agents, but which was not proven to have been in their handwriting. But as the letter was the document which he received as containing the account of sales, there could be no better

WATKINS *v.* WALLACE.

means of refreshing his recollection. It was the very document he had acted on at the time as authentic.

We think, however, that in charging the jury concerning the proof of fraud, the language used had a tendency to mislead the jury into a belief that more stringent proof was necessary than the law requires. The Judge charged them that " fraud will not be presumed from slight circumstances, *the proof must be clear and conclusive."*

It is not to be denied that such language has been frequently used by Courts, and when used by them it expresses an idea which means no more than that the proof must be such as to create belief and not merely suspicion. But juries cannot be expected to be familiar with the technical and stock phrases of the bench and bar. And as there is a well settled popular understanding of the different degrees of proof required in civil and criminal trials as a basis of conviction, a jury instructed to act only on conclusive evidence could hardly fail to suppose they must disregard all balancing of evidence, and require a case absolutely free from any doubt. No such rigid rule prevails in any civil case. Common sense teaches every one to be cautious in arriving at conclusions which are prejudicial to character and honesty, but if the testimony produces a rational belief, a civil jury cannot be required to discard it because it is not conclusively established. We think the instruction erroneous, as calculated to mislead the jury as to the amount and quality of proof required; and that for this error, the judgment must be reversed and a new trial granted.

There are some other questions of minor importance not likely to arise again, which we do not think it necessary to discuss.

The other Justices concurred.