HOFFMAN *v.* LOUD.

1. PREPONDERANCE OF EVIDENCE—WHAT CONSTITUTES.

Under the rule requiring a preponderance of evidence in civil cases, plaintiff has the burden merely of producing evidence which, when weighed with that opposed to it, has more convincing force, from which it results that the greater probability is in his favor.

2. SAME—INSTRUCTIONS TO JURY.

It is reversible error for the trial judge to use such qualifying words and phrases, in explaining the rule as to the preponderance of evidence, as are calculated to convey the idea that the jury must feel absolutely certain as to the facts before finding for the plaintiff.

Error to Iosco; Simpson, J. Submitted November 19, 1896. Decided December 9, 1896.

Trover by John M. Hoffman against Henry N. Loud. From a judgment for defendant, plaintiff brings error. Reversed.

*Phillips & Jenks*, for appellant.

*M. J. Connine*, for appellee.

MONTGOMERY, J. This is an action of trover, for the conversion of timber claimed to have been taken from lands owned by the plaintiff and delivered to the defendant, by whom it was converted. The defense was the statute of limitations, and the question involved was whether any of the timber taken from the lands was delivered to defendant within six years prior to the commencement of the suit, and, if so, how much. All the questions sought to be raised are precluded by the special finding of the jury, unless there was error in the instructions bearing upon the burden of proof. The plaintiff

excepts to a portion of the charge, alleging that it placed upon him a greater burden than the rules of evidence require. To understand clearly the purport of the charge, it is necessary to quote at some length. The court charged as follows:

"It is a legal right that the defendant in this case, Mr. Henry N. Loud, has, a right to insist that, if he pays any damages in this case, the jury shall find that it has been proven to you, by a preponderance of evidence, that the suit was brought within six years from the time the cause of action accrued; just as essential that it should be proven to you by a preponderance of all the evidence in the case as it is that he should prove the value of the timber, or anything else. Now, gentlemen of the jury, whether this action was brought within this time is a question of fact. There have been a number of witnesses on the stand that have sworn that that timber was standing on such a date, and there is one that swore it was not; some have sworn it was cut and hauled on such a date, and others have sworn it was not; and some have sworn there was so much standing, and so much on skids, and others have sworn there was not. There seems to be a good deal of dispute upon that question. It is a disputed question of fact, that the court has nothing to do with; and it has got to be left entirely to you, and it is your duty to agree upon it. Find, if you can, what is right; and, if you cannot find at all, then, of course, your verdict has got to be, 'No cause of action,' because the man that brings the suit must satisfy you. The man that sues in a court of law, and asks the jury to render a verdict for him, must satisfy that jury so that they are able to say that it is so. As I have stated to you before, we are not here to guess at anything; we have nobody's interests at heart, nobody's rights that we sympathize with; we are not supposed to care for either one or the other; but we are here to say just what is right between the parties, and insist that the one that makes the claim shall prove his claim; and consequently it is your duty in this case to insist that this plaintiff prove by a preponderance of evidence; that is, evidence that, after you have heard it, you are satisfied does not leave your minds balanced, so that you don't know. I say, it is your duty to be satisfied, by proof and evidence that satis-

fies you, that the conversion of this property was within six years previous to the 8th day of February, 1892. If he has not done it, if there is not a *clear* preponderance of evidence that satisfies you to that effect, if there is not that weight of evidence that preponderates in favor of it, gentlemen of the jury, the case is ended, and it is your duty to say, 'No cause of action.' * * * This is not a case of equity, or a chancery case. It is a law case. It is a plaintiff suing by law. He says he is entitled to so many hundred dollars from Henry N. Loud, by law. He is entitled to it, he says. He doesn't ask your sympathy, but he says he is entitled to it, as a legal question, upon the evidence. Now, gentlemen of the jury, the defendant says that, if he is entitled to it, it is his duty, by law, to prove it; that he must produce evidence that establishes the fact that he is entitled to it, so that it preponderates, so that you know it, that your minds are not left balanced. It is his duty to prove it, and the defendant has a right to insist that he does it. And the defendant not only insists that he must prove that there was timber cut, and that he owned the lands, and that he owned the timber, but it devolves upon him to prove that he has not rested upon his rights, but that he has brought this action within six years from the time his cause of action accrued. * * * I have given you now what I believe to be the law. Now, apply it, and find the facts as you believe them. Don't guess at anything. It is your duty to sit there and demand that th'e plaintiff establish his case, so that you are not left balanced, so that you have to guess; but he must outweigh the evidence brought against him, so that your minds are not balanced, so that you are satisfied that what he claims is so, before you have the right to grant it."

In civil cases, a preponderance of evidence is all that is required, and by a "preponderance of evidence" is meant such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests. Proof to a demonstration is not required, and it is usually unfortunate to employ qualifying words when defining the necessity for a preponderance of evidence, when it is possible that the terms employed may lead the jury to draw the inference that

something more than a mere preponderance is required. See *Watkins* v. *Wallace*, 19 Mich. 77; *Ferris* v. *McQueen*, 94 Mich. 367; *Gumberg* v. *Treusch*, 103 Mich. 543. There is respectable authority for holding that the use of the term "clear preponderance" is in itself sufficient to mislead the jury, and that it is error to employ such term in an instruction. *McDeed* v. *McDeed*, 67 Ill. 546; *Bitter* v. *Saathoff*, 98 Ill. 266; *Mitchell* v. *Hindman*, 150 Ill. 538; *Marx* v. *Kilpatrick*, 25 Neb. 118. Whether we would be prepared to adopt this view of all cases, without regard to other portions of the charge, it is not now important to determine. But we think this instruction, taken as a whole, was calculated to impress the jury with a view that something more than a preponderance was requisite before they were authorized to find for the plaintiff. In addition to the expression "clear preponderance," the jury were repeatedly told that they had no right to guess; that they must be satisfied. While it is strictly accurate to say that the jury should not be permitted to guess, it is true that they have a right to weigh probabilities, and to decide in favor of the greater; and the use of this expression in the connection in which it was used was calculated to convey the idea that the jury must be able to feel absolutely certain as to the fact, before acting upon the testimony. In one place it is said that "he [plaintiff] must produce evidence that establishes the fact that he is entitled to it, so that it preponderates, *so that you know it*, that your minds are not left balanced;" that "it is his duty to prove it, and the defendant has a right to insist that he does it."

We think, taking the charge as a whole, it is open to the criticism made by plaintiff's counsel, and the judgment should be reversed and a new trial ordered.

The other Justices concurred.