FITCH *v.* VATTER.

1. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—EVIDENCE
—SUFFICIENCY.

On a bill to reform a deed, evidence examined, and *held,* to support a finding that the mistake therein by which certain alleys were not reserved as intended was mutual, authorizing a reformation.

2. EVIDENCE—SUFFICIENCY AND DEGREE OF PROOF.

A preponderance of the evidence is all that is required in any civil case to sustain a verdict, judgment, or decree.

Appeal from the superior court of Grand Rapids; Newnham, J. Submitted January 9, 1906. (Docket No. 33.) Decided April 3, 1906.

Bill by Milford L. Fitch against Edward A. Vatter, Mary Vatter, and the Mutual Home and Savings Association to reform a deed and to restrain the prosecution of a suit at law. From a decree for complainant, defendants Vatter appeal. Affirmed.

*Crane & Norris,* for complainant.

*Thompson & Temple,* for appellants.

BLAIR, J. The bill of complaint in this cause prays for the reformation of a deed from complainant to defendants because of a mistake in not reserving certain alleys from its operation. The trial court made a decree reforming the deed and perpetually restraining the defendants from bringing any action at law for damages. The record presents for our determination questions of fact alone, which are: *First.* Was there any mistake in not reserving the alleys ? *Second.* If so, was the mistake mutual ? The location of the property and alleys is sufficiently shown by the accompanying diagram.

These alleys from Shawmut avenue and Jefferson street had been in existence and in use for 30 years. Vatter had lived a few rods distant from them on lot 20 for 18 or 20

years; they were plainly defined upon the ground, and must have been well known to him. A controversy hav-

ing arisen with reference to these alleys, the adjoining owners settled their rights by quitclaim deeds dated June 14, 1898. The parties quitclaimed as follows: Gray, who owned the west half of lot 24, together with his wife, quitclaimed the west 8 feet, the south 4 feet, and the southwest corner of that parcel to Field, Sahms, and Fitch for a "private alley or driveway." Fitch, who owned the east half of 23, together with his wife, quitclaimed the west 8 feet in width off west half of lot 24 to Gray, Field, and Sahms for the purpose of "a private alley or driveway." Sahms, who owned lot 22, together with his wife, quitclaimed the north 4 feet of lot 22 to Fitch, Gray, and Field for the purpose of "a private alley or driveway," and Field, who owned the east half of lot 24, quitclaimed the south 4 feet of the east half of lot 24 to Fitch, Gray, and Sahms for the purpose of "a private alley or driveway." The private alley was then established by four quitclaim deeds. The deed from complainant to defendants was drawn by a scrivener, who had for that purpose the quitclaim deed from Gray and an abstract showing the quitclaim deeds of rights in the alleys, with instructions to draw a warranty deed. By mistake of the scrivener, no reservation of the alleys was included, but the description was as follows:

"The west one-half of lot twenty-four (24) Jefferson street of Scribner's addition to the city of Grand Rapids, Michigan, according to the recorded plat of said addition, together with equal rights with first parties in the private alley on the west line of said lot."

A part of the purchase price was borrowed by the Vatters. The mortgage was drawn by Mr. Sheppard from the abstract above referred to. He testified:

"The mortgage to the association was signed before me, and acknowledged by an employé in our office. The description in the mortgage is as follows:

"'The west half of lot number 24, Jefferson street, Scribner's addition to the city of Grand Rapids, according to the recorded plat thereof, subject to all the rights and easements created by deed re-

corded in liber 279, page 18, and liber 279, page 19, of deeds, in the office of the register of deeds of Kent county, Michigan.'

"In drawing this mortgage, I had an abstract before me. The mortgage was not read over to Mr. and Mrs. Vatter. I had done business with them as secretary for some time, and they were patrons of our office."

Cross-examination:

"I obtained the description from the abstract, for the mortgage. I think I had not seen the deed when I drew the mortgage."

Defendants admit that they knew of these alleys, but claim that they understood that they were private driveways which belonged to the owners of the lots upon which they were located, and that they were buying and were to receive a lot 66 feet square. We are satisfied from the record that the defendants understood that the alleys were to be reserved, and that the failure to reserve them was a mutual mistake, which justified the decree appealed from. A preponderance of the evidence is all that is required in any civil case to sustain a verdict, judgment, or decree.

The decree is affirmed, with costs of both courts.

McALVAY, GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.