## THOMAS *v.* MILLER.

1. FRAUD—EXCHANGE OF PROPERTY—EVIDENCE—SUFFICIENCY.

In an action for fraud in an exchange of property, testimony on the part of plaintiff that defendant obtained valuable property from her without giving her any substantial return, *held*, sufficient to sustain a verdict and judgment for plaintiff.

2. SAME—TRANSACTIONS BETWEEN PARTIES—EVIDENCE.

Testimony as to certain lots proposed by defendant to be conveyed to plaintiff in lieu of the property agreed upon, *held*, admissible, since it related to the transactions between the parties.

Error to Wayne; Mandell, J. Submitted April 10, 1918. (Docket No. 49.) Decided June 3, 1918.

Case by Annie E. Thomas against Frank E. Miller for fraud and deceit. Judgment for plaintiff. Defendant brings error. Affirmed.

*David N. Harper*, for appellant.

*Dingeman & Schueler*, for appellee.

MOORE, J. This is a suit for fraud started by writ of *capias*, which writ was quashed and the suit proceeded as if started by summons. The plaintiff, a widow nearly 70 years old at the time of the trial, claimed, in substance, that she was the owner of a house and lot in Columbus, Ohio, for which she had been offered $2,800; that she saw an advertisement of defendant stating he owned property on Medbury avenue in Detroit he would exchange for property in Ohio; that she had an interview with defendant, after which she went to see the Medbury avenue property and stated to defendant she would trade her Ohio property for it; that the defendant went to see the Columbus property and said that he would trade the Medbury avenue property for it; that she delivered to him a deed and abstract of her property, and he was to furnish her a deed and abstract of the Medbury avenue property; that later he stated to her that the abstract showed there was a defect in the title that would prevent his deeding to her the Medbury avenue property; that she then told him they would call the deal off and wanted her deed and abstract back; that defendant then told her he could not give them back because he had disposed of the Columbus property, but said he owned some desirable property on Hawthorne avenue worth $5,400, and which he would guarantee would rent for $50 a month, and that he would credit her with $2,100 for the Columbus property, and that she could pay the balance at the rate of $35 a month out of the rentals; that a land

contract was drawn, that she was unable to rent the Hawthorne avenue property for some time, and that at no time could she rent it for more than $36 a month and that she learned defendant did not own the property; that she complained to defendant and that he then proposed that she surrender the contract on the Hawthorne avenue property and he would convey to her a clear title to five lots in Fairmount Park subdivision he claimed he owned; that she surrendered the contract; that defendant never conveyed to her the lots as agreed and that he in fact never owned them.

Defendant admitted he had such an advertisement about the Medbury avenue property as plaintiff described and that it was because of that advertisement the parties were brought together. He denied, however, that he agreed to trade the Medbury avenue property for the Columbus property, and claimed in substance that the only trade agreed upon was for the Hawthorne avenue property, and that his statements in relation to that property were true. He denies that the consideration for plaintiff's surrender of the land contract on the Hawthorne avenue property was an agreement on his part to convey to her the five lots in Fairmount Park subdivision, and says plaintiff abandoned the Hawthorne avenue property because she could not make the payments the contract provided and that while he talked of letting her have the five lots mentioned if he could get the title to them, it was because he was sorry for her and not because he was legally bound to do so. He admitted he had no title to these lots and testified that he realized only twelve hundred or fifteen hundred dollars for the Columbus property. There was testimony tending to support the diverse claims of the parties.

At the close of the testimony for the plaintiff and again at the close of all the testimony defendant asked

for a directed verdict in his favor. Both requests were denied and the case was submitted to the jury, which returned a verdict in favor of the plaintiff for $3,255. Defendant then moved the court to enter a judgment in his favor notwithstanding the verdict; this the judge declined to do and entered a judgment for the amount of the verdict for plaintiff, stating his reasons for so doing. A motion was later made by the defendant for a new trial which motion was overruled, the trial judge stating his reasons for doing so, to which exceptions were taken. The case is here by writ of error.

Defendant argues but 6 of the 22 assignments of error, which may be grouped under two heads:

(1) Did the court err in refusing to direct a verdict for the defendant at the close of plaintiff's case on the ground that none of the material allegations in the plaintiff's declaration had been proved and that there was no fraud shown?

(2) Did the court err in admitting proof as to the dealings between the parties relative to the lots in Fairmount Park?

As to the first group defendant's position is shown by the following excerpt from his brief:

"While in a civil case it is only necessary to prove fraud or the commission of a crime by a preponderance of the evidence, there should, however, be testimony of sufficient weight and character to satisfy the court or jury that a fraud or a crime has been committed. *Baird* v. *Abbey*, 73 Mich. 354; 17 Cyc. pp. 754 and 757.

"There is no preponderance unless the evidence is sufficient to overcome the presumption of innocence as well as the opposing evidence. *Monaghan* v. *Insurance Co.*, 53 Mich. 238.

"The jury should be cautious in arriving at conclusions prejudicial to character and honesty. *Watkins* v. *Wallace*, 19 Mich. 57.

"Clear and convincing proof is required where fraud is the ground for relief and it is sought to rescind bar-

gains intelligently made. *Breemersch* v. *Linn,* 101 Mich. 64."

It is claimed that the proof of fraud was not clear and convincing and for that reason a verdict should have been directed in favor of the defendant.

In *Hoffman* v. *Loud,* 111 Mich. 156, Justice MONT-GOMERY, speaking for the court, said:

"In civil cases a preponderance of evidence is all that is required, and by a 'preponderance of evidence' is meant such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests. Proof to a demonstration is not required, and it is usually unfortunate to employ qualifying words when defining the necessity for a preponderance of evidence, when it is possible that the terms employed may lead the jury to draw the inference that something more than a mere preponderance is required. See *Watkins* v. *Wallace,* 19 Mich. 77; *Ferris* v. *McQueen,* 94 Mich. 367; *Gumberg* v. *Treusch,* 103 Mich. 543. There is respectable authority for holding that the use of the term 'clear preponderance' is in itself sufficient to mislead the jury, and that it is error to employ such term in an instruction. *McDeed* v. *McDeed,* 67 Ill. 546; *Bitter* v. *Saathoff,* 98 Ill. 266; *Mitchell* v. *Hindman,* 150 Ill. 538; *Marx* v. *Kilpatrick,* 25 Neb. 118. Whether we would be prepared to adopt this view of all cases, without regard to other portions of the charge it is not now important to determine."

See *Fitch* v. *Vatter,* 143 Mich. 568.

The testimony was in sharp conflict. If that offered on the part of the plaintiff is true defendant has obtained valuable property from her without her receiving any substantial return, under such circumstances as to justify the claim of fraud.

As to the second group of errors: Did the court err in admitting testimony? The charge was fraud. The admitted testimony related to the transactions between the parties. An examination of the testi-

mony does not disclose any abuse of discretion in the latitude granted by the circuit judge as to the admission of testimony. *Fury* v. *Strohecker*, 44 Mich. 337; *Arnstine Bros.* v. *Treat*, 71 Mich. 561; *Gumberg* v. *Treusch*, 103 Mich. 543.

The pivotal questions were questions of fact which were fairly submitted to the jury.

Judgment is affirmed, with costs.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.