TABOR v. CAREY & LEACH BUS LINES.

1. DAMAGES—LOSS OF EARNINGS WHILE IN HOSPITAL RECOVERABLE BY 17-YEAR OLD BOY.

In an action against a bus owner by a 17-year old high school boy, a showing that he had worked in a factory at $5 a day during vacation times and was prepared to play in an orchestra for which he would have received $5 per engagement of a few hours was sufficient to authorize recovery for this loss during the six months he was confined in a hospital by a broken elbow caused by a collision between a truck and defendant's bus, in which he was a passenger.

[1]Infants, 31 C. J. § 252.

2. SAME — EVIDENCE JUSTIFIED FINDING THAT INJURIES WERE PERMANENT.

Where the evidence showed that plaintiff's injury was a compound, comminuted fracture of the elbow, by reason of which he was unable to operate the trap drum and the xylophone, and· that he had sold his musical instruments and given up his ambition as a musician and prospective income from playing in an orchestra, for which he had prepared himself, the jury were justified in finding that his injuries were permanent.

3. SAME—TRIAL—INSTRUCTIONS — PHRASE "IN ALL PROBABILITY" NOT OBJECTIONABLE.

The use of the phrase "in all probability," in charging the jury as to future damages, *held*, not objectionable.

4. SAME—EXCESSIVE VERDICT.

A verdict for $3,000 in favor of a 17-year old high school boy for personal injuries cannot be said to be excessive, where the evidence shows that he received a compound, comminuted fracture of the elbow, that he suffered great pain, that he was confined in a hospital for over six months when he might have been earning at least part of the time, and that his injuries will probably be permanent, causing him to abandon his ambition of being a musician and playing in an orchestra, for which he had prepared himself, and from which he would have received an income.

5. APPEAL AND ERROR—NEW TRIAL—ARGUMENT OF COUNSEL NOT RULED ON.

Where the trial court was not asked to rule upon alleged error in opposing counsel's argument to the jury, a motion for a new trial, based thereon, was properly denied.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 4, 1928. (Docket No. 40.) Decided February 14, 1928.

Case by Ralph Tabor, an infant, by his next friend, against the Carey & Leach Bus Lines, Incorporated, for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

[2]Damages, 17 C. J. § 340; [3]Id., 17 C. J. § 383; [4]Id., 17 C. J. § 430; L. R. A. 1915F, 30; 46 A. L. R. 1230; [5]New Trial, 29 Cyc. p. 777.

*Jackson, Fitzgerald & Dalm,* for appellant.

*Harry C. Howard,* for appellee.

BIRD, J.   Plaintiff, a lad of 17 years of age, is a resident of Beloit, Wisconsin.   In the summer of 1925 he was at Camp Custer for military training. One evening he and a boy companion went to Battle Creek and returned on one of defendant's busses. Plaintiff took his seat near a window and placed his left arm on the window sill.   Before reaching the camp the bus collided with a truck, and plaintiff's elbow was broken.   He was immediately taken to the hospital at Camp Custer, and the surgeons attempted to reduce the fracture, but failed.   It was finally found impossible to give the plaintiff the proper treatment at the camp hospital, and the surgeons were ordered to transfer the plaintiff to the Walter Reed Hospital in Washington, D. C.   He remained there about six months before he was discharged.   His suit for damages resulted in a judgment against defendant for $3,000.

Defendant is seeking a reversal because:

(1) The trial court refused to charge the jury that there was no basis shown for damages while plaintiff was at the Walter Reed Hospital.

(2) Because of the refusal to charge that there was no evidence of lost earning ability for the future.

(3) Because of the improper use of the phrase "in all probability" in regard to future damages.

(4) That the verdict was excessive.

(5) Prejudicial argument of plaintiff's counsel.

1. The record shows that the plaintiff is a high school boy, that at vacation times he had worked in a factory where his father is employed, at Beloit, and had received $5 a day for his labor.   The boy is musically inclined, and has been preparing himself for some time to play the trap drum and xylophone.   His aim was to fit himself to play with the orchestra, and was

prepared at the time of his injury to take on that employment. For that work he would have received $5 per engagement of a few hours. He was prevented from engaging in either one of these occupations, for which he was qualified, while in the Walter Reed Hospital, and we can see no reason why he should not be permitted to recover for this loss. The cases cited by counsel are distinguishable.

2. The evidence shows that the injury was a severe one, was a compound, comminuted fracture. By reason of the injury he was unable to operate the trap drum and the xylophone, and he explained to the jury why he was unable to operate them. As a result of his injury he has sold his musical instruments and given up his ambition and prospective income in the orchestra. And the testimony was such that the jury was justified in finding that plaintiff's injuries were permanent.

3. Complaint is made of the following instruction:

"If you award plaintiff damages there are two elements of damages to be considered, first, such an amount as you find he is entitled to recover for and on account of such, if any, diminished earning capacity as you find he has sustained as a result of this accident and his injuries. If you find he is entitled to recover, you must then first say how much, if any, less has he been able to earn since the accident than he would have been able to earn but for this accident. How much, if any, less will he *in all probability* be able to earn in the future than he would have been able to earn but for this accident."

The particular complaint that defendant makes is to the use of the phrase "in all probability" used in the concluding lines of the instruction. Plaintiff's argument is directed to the weight and propriety of the phrase as used by the court. The meaning of that phrase was recently discussed and approved in an opinion by Chief Justice CLARK in *King* v. *Neller*, 228 Mich. 15. That opinion was so recently decided that

it will be unnecessary to repeat here what was there said.

4. Defendant argues that the verdict was excessive. The jury which is primarily the arbiter of this question had before it the fact that plaintiff received a compound comminuted fracture of the bones of the elbow; that he was treated for a short time at Camp Custer, and later transferred to the military hospital at Washington, D. C.; that the bones were rebroken on two occasions and set again, and a 20-pound-shot bag attached to his arm to keep the bones in place.   The testimony showed that he suffered much with these treatments. The fact was before the jury that he had lost 6 or 7 months, in which he could have earned $5 per day, and that as a result of the injury he had been obliged to abandon his pet musical instruments and surrender his ambition to play in the orchestra.   The intimation of defendant's own doctor, Bennett, was that the injury might be a permanent one.   This testimony was sufficient to support the jury's verdict.   We cannot say it was excessive.

5. Defendant assigns error on the argument of plaintiff's counsel to the jury.   This question was raised in defendant's application for a new trial.   The trial court's answer which follows to this point is a complete and conclusive answer:

"Without determining whether or not that portion of the closing argument of counsel for plaintiff of which complaint is made was prejudicial error, it does not constitute a ground for a new trial for the reason that the court was not asked to rule upon it."

The judgment is affirmed.

The foregoing opinion was prepared by the late Justice BIRD, and is now adopted as the opinion of the court.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.   FLANNIGAN, C. J., did not sit.