WOODWORTH *v.* WARD.

1. Evidence—Rules as to Weight and Sufficiency.

There are but two rules of evidence so far as its weight and sufficiency are concerned: one applicable to criminal cases, and the other to civil cases.

2. TRIAL—INSTRUCTIONS—DAMAGES—FUTURE PAIN AND SUFFERING —PREPONDERANCE OF EVIDENCE.

On the question of future pain and suffering, an instruction to the effect that the jury must find as a fact the existence of incurable injury and a continuation of pain and suffering, and by a preponderance of the testimony, before they could consider it in awarding damages, was sufficient.

Error to Charlevoix; Gilbert (Parm C.), J. Submitted January 11, 1929. (Docket No. 99, Calendar No. 33,957.) Decided March 28, 1929.

Case by John Woodworth against Alford C. Ward for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Leon W. Miller (B. H. Halstead,* of counsel), for appellant.

*Pailthorp & Pailthorp,* for appellee.

POTTER, J. Plaintiff sued defendant to recover damages alleged to have been caused by defendant's negligent operation of an automobile. He claimed serious injury; that he was compelled to incur great expense for hospital bills, doctors' services and nurse hire, and would continue to suffer from his injuries in the future so as to be prevented from attending to his business. On the trial it was conceded defendant was negligent. In this court, defendant concedes liability. The only question is whether the court gave the jury proper instructions on the subject of damages for future suffering. Defendant claims there is a distinction between the rule that such damages shall be reasonably probable, and the rule that they shall be reasonably certain to result from the injury complained of. It is contended in this case, before such damages for future

pain and suffering may be recovered, it is necessary the jury be satisfied to a reasonable certainty they would result from the injury sustained. *Brininstool* v. *Railways Co.,* 157 Mich. 172; *Marshall* v. *Railroad Co.,* 171 Mich. 180; *Kethledge* v. *City of Petoskey,* 179 Mich. 301; *Matthews* v. *Lamberton,* 184 Mich. 493; *Norris* v. *Railway,* 193 Mich. 578; *Laskowski* v. *People's Ice Co.,* 203 Mich. 186 (2 A. L. R. 586); *Main* v. *Railway Co.,* 207 Mich. 473. The court charged the jury they could consider damages for future pain and suffering,

"If you find that his injury is incurable, and that the same will continue throughout the plaintiff's life, so that he will continue to suffer pain from the same * * * you should determine from the testimony whether you are convinced by a preponderance of the testimony that his injury is permanent; then, if so, what pain and suffering will result in the future from it, if any, and if it will go into the future, then allow for it."

The defendant contends this court has defined "preponderance of evidence" as that which indicates the greater probability in favor of the party upon whom the burden rests (*Hoffman* v. *Loud,* 111 Mich. 156; *Cline* v. *Studebaker Corp.,* 189 Mich. 514 [L. R. A. 1916 C, 1139]); and, therefore, the charge of the court amounted to no more than stating the rule of reasonable probability which *Kethledge* v. *City of Petoskey, supra; Norris* v. *Railway, supra,* and *Laskowski* v. *People's Ice Co., supra,* held erroneous. It was not necessary to charge in the precise language contended for by defendant. *King* v. *Neller,* 228 Mich. 15; *Tabor* v. *Carey & Leach Bus Lines,* 242 Mich. 9. The court charged that the burden of proof was upon plaintiff, and, before damages for future pain and suffering could be awarded, the jury must

be satisfied by a preponderance of the evidence plaintiff suffered such permanent injury and would continue to suffer for the same.

There are but two rules of evidence so far as its weight and sufficiency are concerned. The one applicable to criminal cases and the other to civil cases. This was declared in *Peoples* v. *Evening News Ass'n*, 51 Mich. 11, and has not been departed from. See, also, *Hoffman* v. *Loud, supra; Walsh* v. *Taitt*, 142 Mich. 127; *Carpenter* v. *Lennane*, 166 Mich. 610; *Fitch* v. *Vatter*, 143 Mich. 568; *Worden Lumber Co.* v. *Railway Co.*, 168 Mich. 77; *Silverstone* v. *Assurance Corp.*, 176 Mich. 525; *Thomas* v. *Miller*, 202 Mich. 43; *Hetfield* v. *Mortimer*, 236 Mich. 214. The jury was not permitted to guess at a verdict. *Baird* v. *Abbey*, 73 Mich. 347; *Hoffman* v. *Loud, supra; Strand* v. *Railway Co.*, 67 Mich. 380. They were not, under the charge given, warranted in finding a fact established by a greater probability unless the evidence satisfied them the fact existed. *Dunbar* v. *McGill*, 64 Mich. 676; *Strand* v. *Railway Co., supra; Dupuis* v. *Traction Co.*, 146 Mich. 151; *Gardiner* v. *Courtright*, 165 Mich. 54; *Niemann* v. *Niemann*, 225 Mich. 365. The charge to the jury was that they must find as a fact the existence of incurable injury and a continuation of pain and suffering, and by a preponderance of the testimony, before they could consider it in awarding damages. This was sufficient.

Judgment affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.