WILKINS (JORDAN v.). See Cases Nos. 7,526 and 7,527.

## Case No. 17,666.

WILKINS v. WRIGHT et al.

[6 McLean, 340.] [1]

Circuit Court, D. Ohio. April Term, 1855.

DEEDS OF TRUST AND MORTGAGES — FORECLOSURE.

1. The distinction between a deed of trust and a mortgage, is somewhat technical.

[Cited in Bingham v. Frost, Case No. 1,413.]

[Cited in Palmer v. Mason, 42 Mich. 152, 3 N. W. 948.]

2. Before a default in payment, the property mortgaged may be sold on execution as the property of the mortgagor.

3. This cannot be done under a deed of trust.

4. To perfect a title under a mortgage, a judicial sale must be had.

5. Under a deed of trust, a sale is not required.

6. So nearly are these instruments assimilated, that different minds may come to different conclusions in regard to the character of the same instrument.

In equity.

Messrs. Andrews, for plaintiff.
Mr. Parker, for defendant.

McLEAN, Circuit Justice. The lessee of plaintiff are heirs at law of Diana Rapelye, deceased, and claim under a deed to their ancestor from Joseph Evans, dated 19th June, 1817. Defendant's title is under a later deed from Evans. The case turns on the character of the deed to Rapelye. On its face this deed is absolute. But the following indorsement is made upon it: "It is perfectly understood between Diana Rapelye and Joseph Evans, that the said Diana is to hold the within mentioned tracts of land, as a deed of trust, for the said Joseph Evans, and as security for her, until he pays the five hundred and the one thousand dollars with interest, which he has given his notes for,"

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

&c. If the notes were not paid at the time specified, "the said Diana will have full power to sell or to act as she thinks proper; but the said Evans is to have the privilege of selling the lands, at any time within the period specified in the notes, but the notes to be taken up before the deed is returned; the interest on the notes are included, but if taken up before due, then the interest to be deducted from the date." Notes were drawn payable in two and four months. If the notes should be paid, then "the deed for the land to be again made to Evans, free from all incumbrances whatsoever."

The question arises whether the above deed, with the indorsement, is a deed of trust or a mortgage. If it be a mortgage, before forfeiture it may be sold on execution against the mortgagor, subject to the mortgage. But if it be a deed of trust, nothing remains in the grantor which can be reached by execution. If it be a mortgage, on the payment of the money the title reverts to the mortgagor. But if it be a deed of trust, a reconveyance of the land is necessary. In either case, the land is a security for the money. But under the mortgage a sale would be necessary to perfect the title in the mortgagee or in any other person. But if the instrument be a deed of trust, the fee stands vested in the grantee, and no sale is necessary.

The distinction between a deed of trust and a mortgage, is somewhat technical, and in many cases different minds might incline to the one character or the other of the same instrument. The parties in this case call the instrument a deed of trust, and provide that on the payment of the money, the title should be reconveyed to the grantor, free from all incumbrances. This is not the language of a mortgage, which provides that, on the payment of the money the conveyance should be of none effect. From expressed language of the parties, they would seem to have considered the instrument as a deed of trust. And as this kind of instrument best secures the right of the grantee, we may presume the form was adopted with that view.

Upon the whole, we think the instrument may be considered as a deed of trust, but we decide nothing more. Any equitable rights which the defendants may have, are neither shown nor considered in the case.