## Henry H. Booth and others v. David A. McNair and others.

*Assignment for benefit of creditors. Credit.* When, in an assignment for the benefit of creditors, the following words were used, "that said assignees shall sell and dispose of the same for money, upon such terms and conditions as in their judgment

BOOTH *v.* McNAIR.

may appear best, and most for the interest of the parties concerned," &c. *Held*, that they did not give power to sell on credit. (*Nye v. Van Husan*, 6 *Mich.*, 329). *Held*, further, that the words "interest of the parties concerned" did not necessarily imply that the assignees were to regard the interest of the assignor to the prejudice of the creditors, but as the language is at least equally applicable to the creditors, and the law presumes honesty rather than fraud, the phrase must be understood as referring primarily to the interest of creditors.

*Heard November 3d and 4th. Decided November 11th.*

Appeal by complainant from Kalamazoo Circuit in Chancery.

The bill in this cause was brought to set aside an assignment made by David A. McNair to Luther H. Trask and John Dudgeon, two of said defendants, for the benefit of creditors.

From the answer it appears that the chief point in dispute was the validity of the assignment. The portion of the assignment affected by the opinion of the court is as follows, " The said parties of the second part shall take immediate and " full possession of all and singular the lands, tenements and " hereditaments, property and effects hereby assigned, and sell " and dispose of the same for money upon such terms and con- " ditions as in their judgment may appear best, and most for " the interest of the parties concerned."

The bill was dismissed, with costs, by the court below.

*E. S. Smith* and *J. P. Whittemore* for complainant.

The assignment is void upon its face:

1st. Because, by its terms, the assignees are clothed with power and authority to sell and dispose of the assigned property in their discretion.

2nd. Because the power and authority vested in the assignees, to act in the sale, &c., as they see fit, places the property beyond the control of the creditors, and the acts of the assignees beyond the control of the court.

*D. D. Hughes* and *N. A. Balch* for defendants.

The assignment is not void for giving power to assignees to sell on such terms, &c., as in their judgment may appear best and most for the interest of the parties concerned. It

BOOTH *v.* McNAIR.

confers no greater power upon them than the law does, and does not authorize a sale upon credit.—21 *N. Y.* 178, 119; 1 *Kern.* 302; *Burrill on Assign.* 218; 6 *Mich.* 349; 10 *Paige Ch. R.* 302; 9 *Ib.* 89; 2 *Barb.* 381; 11 *Ib.* 198; 2 *Howard's Pr. R.* 414.

CHRISTIANCY J.

This case comes before us upon appeal from the Circuit Court for the county of Kalamazoo in chancery. The bill is substantially a creditor's bill, the object of which is to set aside, as fraudulent, an assignment made by the defendant McNair, and purporting to be for the benefit of his creditors.

The grounds upon which the assignment is assailed are: 1st, that it was fraudulent in fact, as shown by the evidence; and 2d, that it is fraudulent in law for matters appearing upon its face.

The evidence in our estimation not only fails to show any actual fraud, or fraudulent intent, but tends strongly to show the entire fairness of the transaction. It is, therefore, only necessary to consider the question of fraud in law, arising upon the face of the instrument. The assignment, after the usual recital of the grantor's indebtedness, his inability to pay, and his desire of making a fair and equitable distribution of his property and effects among his creditors, proceeds to assign all his property of every kind to the assignees. (He executed to them at the same time a deed of his real estate.) The assignment is then declared to be in trust for the following uses and purposes; "that is to say, the parties of the second part (assignees) shall take immediate and full possession of all and singular the lands, tenements and hereditaments, property and effects hereby assigned." Then follows the clause claimed to be fraudulent in law, "*and sell and dispose of the same for money, upon such terms and conditions as in their judgment may appear best and most for the interest of the parties concerned.*"

This clause is claimed to render the instrument void, for two

reasons: 1st, because it authorizes a sale upon credit; and 2d, because, by the latter words of the clause, the assignees are required to be governed in the disposition of the property, to some extent, by the interests of the assignor.

The first point has already been settled by the decision of this court in *Nye v. Van Husan,* 6 *Mich.* 329, where a similar clause was held not to give the power to sell on credit. We have seen no reason to doubt the principle of that decision. There is even less plausible ground for holding the language of the present assignment to give such power.

The second objection is based upon that portion of the clause relating to " the interests of the parties concerned." If it clearly appeared, from these or any other words of the instrument, that the assignees were to regard the interest of the assignor, rather than that of the creditors, the assignment would be void. But these words are probably rather the words of the draftsman than of the assignor. They are found in most of the forms which have been in use for many years past, and would very naturally be followed without much special attention to their precise import. But placing them upon the same grounds as every other portion of the instrument, we do not think them fairly open to the objection urged. It is true the words will admit of a construction which will include the assignor. Admitting that upon this hypothesis the instrument would be void, still, if the language is fairly susceptible of another interpretation, which will render it valid, we are bound to give it such interpretation, rather than one which will render it fraudulent and void. The law presumes fairness, rather than fraud.

Now, the assignment purports to be made for the purpose of paying the debts of the assignor, and its declared object is to benefit his creditors. Nothing is to come to the assignor, until all his debts are paid—usually in the case of such assignments, a very remote and barely possible contingency, and especially so in the present case. The creditors therefore are the *real* parties interested.

THE PEOPLE *v.* THE QUARTERMASTER GENERAL.

They at all events were primarily interested; and until they should be paid, the law would allow the assignees to look only to *their* interests. After all debts were paid, it would be lawful and proper for them to be governed by the interests of the assignor; and if he is to be considered as coming within the meaning of the words, as one of the parties interested, still, it is but fair to infer that his interest was only intended to be consulted after all his debts should be paid. In other words, that the assignees were to consult the interests of the parties according to, and in the order of, their lawful rights under the assignment. And this is simply the duty the law imposed upon them in carrying its provisions into effect. '

The same language was contained in the assignments mentioned in several of the cases cited on the argument, and in many others. But in none of them, or in any other case we have been able to find, was it held to vitiate the assignment. In fact these particular words do not seem to have been noticed.

The decree of the Court below, dismissing the bill, must be affirmed, with costs to the defendants in both courts.

The other Justices concurred.