## STEPHEN HENRY v. CHARLES ROOT.

*Assignment for the benefit of creditors.*

An assignment for the benefit of creditors set forth that certain property subject to specific claims of particular creditors was not assigned, and provided that these creditors would only be entitled to the benefits of the assignment if they surrendered their securities to the assignee. *Held* that the express omission of this property from the assignment did not necessarily make it invalid.

Error to Lapeer. Submitted Jan. 24. Decided Feb. 1.

TROVER. Defendant brings error.

*William S. Edwards* for plaintiff in error. An assignment is invalid if it does not provide for the application of the surplus, if any, and implies a resulting trust for the benefit of the debtor (Burrill on Assignments [3d ed.], 236, 614; *West v. Snodgrass*, 17 Ala., 549; *Pierson v. Manning*, 2 Mich., 445; *Grimshaw v. Walker*, 12 Ala., 101) or does not cover all the property subject to execution, *Spencer v. Jackson*, 2 R. I., 35.

*Harrison Geer* for defendant in error. Partial assignments are valid where not prohibited (Burrill on Assignments [2d ed.], 105; *Goss v. Neale*, 5 J. B. Moore, 19; *Estwick v. Caillaud*, 5 T. R., 420; *Wilson v. Forsyth*, 24 Barb., 105; *Ingraham v. Grigg*, 13 Sm. & M., 22) and may prefer creditors, *Hall v. Denison*, 17 Vt., 310; only a judgment creditor can attack an assignment for the benefit of creditors, *Fox v. Willis*, 1 Mich., 321; *Millar v. Babcock*, 29 Mich., 526.

GRAVES, J. Henry being a deputy marshal of the United States, seized under attachment against one Peter Van Dyke certain goods which Root claimed under assignment to him from Van Dyke for the benefit of creditors.

Root sued Henry in trover for the goods, and the latter assailed the assignment as fraudulent on its face and also in fact. Root recovered and Henry brought error.

The assignment was not *prima facie* invalid. Its terms were not necessarily incompatible with good faith or inconsistent with the principles which govern when a debtor assumes to devote his property to his creditors through the medium of an assignment. Before it can be laid down as matter of law that the instrument is fraudulent upon its face, it must appear clearly that its terms necessarily impress it with that character, and when this is not the case the question is one of fact, and must be settled upon evidence.

The indebtedness of the assignor did not obliterate all his rights and powers as owner. He could appropriate in good faith and without intent to hinder, delay or defraud, the whole or any part of his property to the payment of his creditors, and property not exempt and not assigned would still be liable to creditors, and the naked circumstance of the actual and express omission of some such property, whatever its influence might be with other circumstances to prove a fraudulent intent in fact, would not involve the result of invalidity as matter of law.

The assignment indicates that certain property being subject to specific claims of particular creditors, was not assigned, and it provides that such creditors will be entitled to participate in the fund created by the trust in case they surrender their securities to the assignee, and not otherwise. We discover nothing in this necessarily opposed to law. No property is screened for the debtor or placed beyond the reach of creditors. Whatever is liable for debts remains open and exposed as it was before. The record contains a number of exceptions in regard to evidence. It is not needful to notice them particularly. They are governed by principles and rulings which have been repeatedly stated in this court. *Nye v. Van Husan*, 6 Mich., 329, and other cases. They

relate to evidence given of circumstances surrounding the transaction and tending to show it as it really was, and of facts to apply the assignment to the property and to make out that the transaction was in good faith in point of fact. None of these matters appear to call for discussion or to be fairly open to complaint.

What has been said is sufficient to dispose of the case, and as we discover no error, the judgment must be affirmed with costs.

The other Justices concurred.