STATE BANK OF BAY CITY v. EDWARD CHAPELLE, GEORGE RUTSON AND ALCONA COUNTY.

*County treasurer—Security for moneys not paid over.*

A county may take security from an ex-treasurer for moneys received by him and not accounted for; and may take it in the name of a trustee.

The doctrine of general assignments has no bearing on an instrument that is meant only to secure a single debt on specific property.

A debtor may always give a *bona fide* security for any claim against him.

Fraud is a question of fact and not of law where there is no statute to the contrary, and where an honest construction is admissible.

A trustee for the benefit of creditors can sell on credit with the assignor's consent, so long as no creditor has obtained a lien on the property.

The county treasurer's books are presumed to show the amount due from the treasurer to the county.

A power of sale is no necessary part of a mortgage, and a defect in it does not affect the validity of the mortgage.

If a power of sale is carried out by a shorter notice than the stat-

ute authorizes to bar the equity of redemption, the only consequence might be the continuance of a right to redeem until foreclosure by lapse of time or in equity.

A debtor conveyed certain lands to a trustee to be sold for the payment of debts and the deed provided that the surplus and all unsold lands be returned to him after deducting costs and expenses. *Held* that it was properly treated as a mortgage.

Appeal from Alcona. Submitted January 30. Decided April 8.

BILL to set aside a conveyance in trust for the benefit of creditors. Complainant appeals.

*Holmes, Collins & Stoddard* for complainant, to the point that the instrument in question was not a mortgage nor a trust deed in the nature of a mortgage, but an unconditional assignment to a trustee, of property therein described, to raise a fund to secure or pay a certain assumed indebtedness, cited 1 Jones on Mortgages, §§ 16, 62; 1 Hilliard on Mortgages (4th ed.), 384–8; 2 Washb. Real Property, ch. 16, § 1; p. 72; Fisher on Mortgages (3d ed.), 2; Coventry's Powell on Mortgages, 4; 1 Cruise's Dig., tit. XV., ch. 1, § 1; Coote on Mortgages, 1; *Erskine v. Townsend*, 2 Mass., 495; *Carter v. Taylor*, 3 Head (Tenn.), 30; *Briggs v. Fish*, 2 D. Chip. (Vt.), 100; *Montgomery v. Bruere*, 1 Southard (N. J.), 268; *Lund v. Lund*, 1 N. H., 41; *Mitchell v. Burnham*, 44 Me., 299; *Wing v. Cooper*, 37 Vt., 179; *Perkins v. Dibble*, 10 Ohio, 438; *Woodruff v. Robb*, 19 Ohio, 215; *Hoffman v. Mackall*, 5 Ohio St., 131; *Turner v. Watkins*, 31 Ark., 429; *Payne v. Patterson*, 77 Penn. St., 134; *Comstock v. Howard*, Walk. Ch., 110; *Caruthers v. Humphrey*, 12 Mich., 270; *Van Husan v. Kanouse*, 13 Mich., 303; *Ladue v. D. & M. R. R. Co.*, 13 Mich., 380; *Hogsett v. Ellis*, 17 Mich., 351; *Gorham v. Arnold*, 22 Mich., 247; *Wagar v. Stone*, 36 Mich., 364; *Van Vleet v. Slauson*, 45 Barb., 317; *Eckford's Ex'rs v. De Kay*, 26 Wend., 29; *Magnusson v. Johnson*, 73 Ill., 156; *Koch v. Briggs*, 14 Cal., 256; *Reece v. Allen*, 5 Gilm. (Ill.), 239; *Marvin v.*

*Titsworth*, 10 Wis., 320; a provision for conditional reconveyance does not make a trust deed a mortgage, *Holmes v. Grant*, 8 Paige, 243; *Robinson v. Cropsey*, 6 Paige, 480; *Brown v. Dewey*, 2 Barb., 28; *Saxton v. Hitchcock*, 47 Barb., 220; *Baker v. Thrasher*, 4 Den., 493; *Morrison v. Brand*, 5 Daly, 40: 56 N. Y., 657; *Pitts v. Carle*, 44 Ill., 103; *M'Menomy v. Murray*, 3 Johns. Ch., 436; *Bethlehem v. Annis*, 40 N. H., 34; a provision in a trust deed authorizing the trustee to sell on credit is fraudulent and void, *Pierson v. Manning*, 2 Mich., 245; *Sutton v. Hanford*, 11 Mich., 513; *Billings v. Billings*, 2 Cal., 107; *Baldwin v. Peet*, 22 Tex., 708; *Carlton v. Baldwin*, id., 724; *Nicholson v. Leavitt*, 6 N. Y., 510: 10 N. Y., 591; *D'Ivernois v. Leavitt*, 23 Barb., 64; *Burdick v. Post*, 12 Barb., 169: 6 N. Y., 522; *Hutchinson v. Lord*, 1 Wis., 287; *Keep v. Sanderson*, 2 Wis., 42; *Bowen v. Parkhurst*, 24 Ill., 261; *Haines v. Campbell*, 8 Wis., 187; *Porter v. Williams*, 9 N. Y., 142; *Brigham v. Tillinghast*, 13 N. Y., 215; so is a provision requiring the trustee to turn over to the maker of the trust the surplus moneys after executing it, *Albert v. Winn*, 7 Gill, 446; *Hyslop v. Clark*, 14 Johns., 458; *Mackie v. Cairns*, 1 Hop. Ch., 378: 5 Cow., 547; *Goodrich v. Downs*, 6 Hill, 438; *Collomb v. Caldwell*, 16 N. Y., 484; *Howell v. Edgar*, 4 Ill., 417; *Dana v. Lull*, 17 Vt., 390; *Caldwell v. Williams*, 1 Ind., 405; *Greenleaf v. Edes*, 2 Minn., 264; *Palmer v. Giles*, 5 Jones' Eq., 75; *Barney v. Griffin*, 2 N. Y., 365; so is a provision by which the grantor of the trust retained the right to assent to certain conveyances that might be made under it, *Haydock v. Coope*, 53 N. Y., 68.

*R. Z. Roberts* and *Hatch & Cooley* for defendants Rutson and Alcona County. The idea of an assignment is that the assignor is in default and will not pay; a mortgage contemplates only the contingency of his failing to pay, *Woodruff v. Robb*, 19 Ohio, 213; *Batty v. Snook*, 5 Mich., 231; *Cowles v. Marble*, 37 Mich., 158; *Perkins v. Dibble*, 10 Ohio, 434; *Lawrence v. Farmers' L.*

& T. Co., 13 N. Y., 200; a conveyance in the form of a deed of trust to secure payment, and on condition that in case of failure to pay, the trustee shall sell, or on payment, reconvey, is in effect a mortgage, *Comstock v. Howard*, Walk. Ch., 110; 2 Perry on Trusts, 602 a; *Taylor v. Cornelius*, 60 Penn. St., 187; *Chambers v. Goldwin*, 5 Ves. Jr., 835; *Cormerais v. Genella*, 22 Cal., 116; *Davis v. Hemingway*, 29 Vt., 438; the intention of the parties will determine whether an instrument is a mortgage, *Cornell v. Hall*, 22 Mich., 377; *Emerson v. Atwater*, 7 Mich., 12; *Van Wert v. Chidester*, 31 Mich., 207; *Carr v. Carr*, 52 N. Y., 251; *Farmer v. Grose*, 42 Cal., 169; *Moore v. Wade*, 8 Kan., 380.

CAMPBELL, C. J. The bill of complaint in this cause was filed on behalf of a judgment creditor to avoid a security executed by Chapelle, the judgment debtor, to Rutson as trustee for the benefit of Alcona county. It is claimed this document is void as to complainant for inherent defects, and as tending in fraud of creditors.

The instrument in question was made September 2, 1876, by Edward Chapelle and wife to George Rutson for the nominal consideration of $10,000 to provide for securing such balance as should be found due from the grantor to Alcona county for moneys received and not accounted for as treasurer of that county. The particular terms on which important questions are raised will be referred to presently.

A preliminary question is raised touching the power of counties to avail themselves of such a security. It is claimed that it was their duty to prosecute the treasurer and his bondsmen.

No authority is produced, and we can conceive of no reason why security should not be obtained for a debt to a public corporation where it can be had. It in no way concerns strangers that a county may rely on one security rather than another. If it is good between the parties, and is an honest and fair transaction, no creditor

can complain, unless he has superior rights. It is quite as just that the property of a debtor should pay his official as his private debts. The facts prove conclusively that there were claims which it was equitable that Chapelle should secure and provide for. The case of *Rood v. Winslow*, 2 Doug. [Mich.], 68, is sufficient authority for holding that such security may be taken in the name of a trustee.

The chief controversy was made on the nature of the instrument.

We do not think the questions applicable to general assignments have any bearing on a security which is only intended to secure a single debt on specific property. All of that doctrine is inapplicable. The doctrine is too elementary to bear discussion that a debtor may always give a *bona fide* security for any claim against him, and that fraud is a question of fact and not a question of law, in all cases where there is no statute to the contrary, and where an honest effect is possible.

This instrument, analyzed into its various parts, consists of the following elements: It conveys to Rutson the property in question specifically described, as trustee upon the trusts named, viz.: *first*, to provide a fund for and secure the payment of all sums that are or may be found upon a proper examination to be due and unaccounted for from Chapelle as treasurer aforesaid; *second*, to that end, in his discretion, to sell the premises or any part thereof at public auction, on eight weeks publication, at least once a week, in the Iosco County Gazette, a newspaper published at Tawas City, but circulating in Alcona county; *third*, with Chapelle's consent to sell at private sale and on credit upon good security, if thereby a larger price could be obtained; *fourth*, upon payment by Chapelle of all moneys due, to convey back to him all unsold property and proceeds in his hands after deducting costs and expenses.

Assuming that selling on credit cannot be provided

for in such a security as this, the present instrument gives no such power. It can only be done with the concurrence of the grantor, and until some creditor obtains a lien on the land, that could have been done whether agreed on before or not. If this provision could be construed so as to authorize this to be done by the trustee alone, or in defiance of creditors, a different question would arise.

The statutes of this State expressly authorize trusts to be created to "sell lands for the benefit of creditors." Comp. L., § 4124. This language is too broad to be confined to general assignments. This instrument contains no clause whereby, without paying his debt in full, the grantor can revoke, determine or alter the trust or charge. Comp. L., § 4689. We do not discover any other difficulty in the transaction whereby it can be made void as to creditors under any of our statutes, unless it is fraudulent in fact under § 4716. We are of opinion that it was not fraudulent in fact.

If instead of an absolute trust deed we hold it to be a mortgage in form, as it was apparently intended to be, and was so held below, then there can be no objection to it unless fraudulent in fact. It certainly may be regarded as a mortgage in equity, because it is intended only as security for a debt which the debtor may discharge at any time and so release the land. It was designed to secure a debt already due, inasmuch as Chapelle had ended his official business, although it might require an examination of accounts to get at the true balance. In law it is presumable that the treasurer's books themselves would show the amount. But, however this may be, it had all then accrued. The validity of the mortgage could in no way be affected by the sufficiency of the power of sale, which is no necessary part of it. If the power of sale should be carried out by a shorter notice than such as the statute authorizes to bar the equity of redemption, the only consequence

might be the continuance of a right to redeem until foreclosure by lapse of time or in equity. *Comstock v. Howard,* Walk. Ch., 110.

In either point of view there is nothing which could justify a court of equity in holding this instrument void.

We think the court below properly treated the instrument as a mortgage. The interest of Chapelle was subject to levy, and needs no interference of equity for that purpose. The whole theory and prayer of the bill rest on the ground of the actual and complete invalidity of the transaction, and there is no relief sought on any other ground. This being so, and no case being made or claimed to redeem, the bill was rightly dismissed as to both defendants. The bill does indeed contain some of the features of a statutory judgment creditor's bill, but inasmuch as it seeks to enforce a levy on property claimed to be subject to levy, and inasmuch as the property was in fact subject to levy, that remedy was premature as well as inconsistent.

The decree must be affirmed with costs.

The other Justices concurred.