NICHOLAS F. PALMER AND WILLIAM H. GUION v. THOMAS F. MASON, W. HART SMITH AND GEORGE D. BULEN.

*Attachment levy on property assigned for the benefit of creditors.*

An assignment for the benefit of creditors or by way of security will be presumed honest and lawful, if possible, and will not be adjudged fraudulent as a conclusion of law drawn from its form unless that construction is necessary.

A debtor conveyed a specific portion of his real estate to trustees to pay certain debts. A transferee of some of the creditors protected thereby attached the property, and the trustees filed a bill to quiet their title as against his levy. *Held* that the conveyance was not a general assignment, and as such subject to the rules which determine that a general assignment is fraudulent in not conveying all the debtor's property or securing all his creditors, or in withholding a part of it for his own benefit.

Conveyances of realty are governed by the laws which prevail where it lies.

The rule that a voluntary assignment by a foreign insolvent debtor will be postponed to the rights of an attaching home creditor, does not apply to real property.

An assignment for the benefit of creditors is not avoided by a subsequent attachment levied before the assignment could be put on record.

Appeal from Saginaw. Submitted October 10. Decided November 29.

BILL TO QUIET TITLE as against attachment proceedings. The bill was dismissed below and complainants appeal.

*Alfred Russell* for complainants. Every debtor has a legal right to assign property to secure his debts, *Brown v. Minturn*, 2 Gall., 557; *Cook v. Rogers*, 31 Mich., 398; a debtor's conveyance of his homestead, even if made without consideration, is not in fraud of creditors, *Smith v. Rumsey*, 33 Mich., 183; and creditors are not concerned in the disposition of a surplus after they have been paid, *Jerome v. McCarter*, 94 U. S., 740; an assignment of part of the debtor's property without making provision for the surplus, is not void unless it is merely colorable and made for the sake of the resulting trust, Burrill on Assignments [3d ed.], § 280; *Wilkes v. Ferris*, 5 Johns., 335; *Bank v. Talcott*, 19 N. Y., 146.

*Griffin & Dickinson* for defendants. An insolvent debtor's voluntary assignment can never prevail over the attachment lien of a citizen of another State upon property in the latter State, *Fox v. Adams*, 5 Greenl., 245; *Ingraham v. Geyer*, 13 Mass., 146; *Felch v. Bugbee*, 48 Me., 9; *Blake v. Williams*, 6 Pick., 306; *Osborn v. Adams*, 18 Pick., 245; *Fall River Iron Works v. Croade*, 15 id., 11; *Olivier v. Townes*, 2 Mart. (La.) N. S., 93; *The Watchman*, 1 Ware, 232; *Saunders v. Williams*, 5 N. H., 213; *Mitchel v. McMillan*, 3 Mart. (La.) O. S., 676; *Towne v. Smith*,

1 Wood. & Min., 137; *May v. Wannemacher*, 111 Mass., 208; *Kelly v. Crapo*, 41 Barb., 603; *Guillander v. Howell*, 35 N. Y., 659; *Van Buskirk v. Warren*, 2 Keyes, 119; 2 Kent's Com., 497; Rorer's Inter-State Law, 138; 1 Story on Confl. of Laws, §§ 411, 416; an assignment is invalid, if it does not provide that the surplus shall be devoted to creditors not provided for, *Pierson v. Manning*, 2 Mich., 450; *Dana v. Lull*, 17 Vt., 390; *Malcolm v. Hodges*, 8 Md., 514; Bump on Fraudulent Conveyances, 430, and this applies to both general and partial assignments, *Leitch v. Hollister*, 4 N. Y., 211; *Curtis v. Leavitt*, 15 N. Y., 9; *Dunham v. Whitehead*, 21 N. Y., 131; the test of invalidity is the debtor's insolvency and not whether the assignment was general or not, *Goodrich v. Downs*, 6 Hill, 438; *Barney v. Griffin*, 2 N. Y., 365; Bump Fraud. Conv., 323; if an assignment of property in another State is invalid by the laws of the State where the property lies, it is void as against an attachment levied by a citizen thereof on real estate, *Green v. Van Buskirk*, 5 Wall., 312; Rorer Inter-State Law, 139; Burrill on Assignments, § 306; Wharton on Confl. Laws, § 353.

GRAVES, J. This bill was filed to quiet complainant's title against attachment proceedings brought by the defendant Bulen in the name of the other defendants to collect a debt against one Witthans, and the court having decreed a dismissal, the complainants appealed. All the parties are citizens of New York except Bulen, who is a citizen of Michigan.

January 9, 1877, Witthans was indebted to Smith & Mason for about $11,000, and feeling that it was questionable whether the debt could be collected, they entered into a written agreement with Bulen, who thought he could collect it here, to transfer it to him upon his call therefor—whether it should be before or after his payment of the consideration agreed upon. It was likewise a part of the arrangement that in case he should desire

to do so he might sue in their names before the transfer.

January 12th, or three days later, Witthans being insolvent, conveyed all his real property in this State subject to execution to complainants, but in trust for said Smith & Mason and certain other creditors. The instrument was executed and delivered in New York, and on its face it purported to cover only a portion of his property, and in fact a large amount of real estate situated in New York was not embraced. At the same time those named as beneficiaries were only part of his creditors. He was heavily indebted to others. The deed was immediately mailed to Saginaw to be recorded, but it did not arrive there until the 18th of January, at which time it was placed on record.

January 16th, being four days after the deed was given, and two days before its registry, the defendant Bulen caused an attachment to be issued in the name of Smith & Mason against Witthans for said debt of about $11,000, and to be levied on said lands, and had the levy perfected by a deposit in the register's office of a certified copy of the attachment, with a description of such real estate. At the filing of the bill complainants were in actual possession.

The learned counsel for defendants resists the bill on two general grounds: *first*, that the trust deed on which complainants found their right is void on its face; but if not, then, *second*, that Bulen, being equitable owner of the attachment debt, and a resident citizen of Michigan, his attachment levy on the land situated in Michigan is entitled to prevail over the trust deed given in New York between citizens of New York.

As to the first position certain provisions of the deed are claimed to have the effect to authorize the trustees to sell on credit, or mortgage the property, or use it to carry on the former business. And again, inasmuch as the deed is silent concerning the disposal of any possible surplus after payment of the named creditors, there

is, it is said, a resulting trust in favor of the grantor. And the consequence is drawn, as before stated, that the deed is void as against Bulen.

By a series of cases the rule is settled in this State that a transfer for the benefit of creditors, or by way of security, will not be adjudged fraudulent, as a conclusion of law drawn from the frame of the instrument, unless that construction is a necessary result in view of its peculiar shape and scope. Wherever the case will permit it, the court, in construing the paper, will ascribe an honest purpose and infer a lawful disposition. No attempt at subtle distinctions or strained inferences will be made to impress a bad character on the transaction. On the contrary, every reasonable intendment will be indulged against a construction implying fraudulent design, or an operation involving infringement of the law of the land. *Nye v. Van Husan*, 6 Mich., 329; *Snook v. Davis*, id., 156; *Bagg v. Jerome*, 7 Mich., 145; *Booth v. McNair*, 14 Mich., 19; *Watkins v. Wallace*, 19 Mich., 57; *Henry v. Root*, 38 Mich., 371; *Parsell v. Thayer*, 39 Mich., 467; *State Bank v. Chapelle*, 40 Mich., 447.

Wherever the provisions are susceptible of an honest application, they " cannot be said to have that necessary evil tendency which justifies the inference of a fraudulent intent." *Watkins v. Wallace*, supra.

As *Pierson v. Manning*, 2 Mich., 445, is relied on by defendants, it is proper to notice it in connection with two other cases. *Pierson v. Manning* came before the court on two questions reserved by the court below, and the first was whether the assignment was a valid instrument. It was a general assignment for the benefit of a part only of the creditors of the assignor, and it was ruled down at the instance of a creditor not provided for, as bad for reasons appearing on its face. The assignor expressly required the assignee to delay selling the real estate until the personal assets should be wholly disposed of, and this was held to be a fatal defect, as

no doubt it was.   But another point was noticed.   The
entire estate of the debtor, both real and personal, was
conveyed to the assignee, but not for the benefit of all
the creditors.   The benefit was expressly confined to
three New York firms, and no provision was made for
any surplus which might arise.   The whole of the debt-
or's property was placed beyond the reach of the credi-
tors who were unprovided for, and at the same time the
residuum, after paying the three firms, was not appro-
priated.

In the opinion given it was argued that the eventual
surplus, whatever it might be, would result to the
assignor, and hence there was involved in the transac-
tion a provision for the future benefit of the assignor,
as against such of his creditors as were not beneficiaries
under the assignment.   The view expressed in this part
of the case was not required to uphold the point adjudged
by the court, and without assuming to assent or dissent,
it is sufficient to say that it has no application to the
case before us.   The reasoning manifests clearly enough
that stress was placed on circumstances which broadly
distinguish the two controversies.

The instrument now in question is not a general
assignment, and Bulen, in whose favor the defense is
made, can hardly be regarded as an outside creditor.
He is proceeding in the name of Smith & Mason, who
hold the title, and the debt is one of the debts abso-
lutely provided for.

*Sutton v. Hanford*, 11 Mich., 513, and *Price v. Haynes*,
37 Mich., 487, were cases where the instruments were
executed as general and not partial assignments.   In the
first a sale on credit was expressly enjoined, if found
necessary to prevent sacrifice, and the assignment was
adjudged invalid.   In the second, the debtor after osten-
sibly devoting all his property to creditors by an assign-
ment colorably general, was enabled to keep back a
portion by means of the restricted terms of conveyance
chosen by him, and here too the assignment was held bad.

These cases have no application. As already stated, the instrument given to complainants does not profess to be a general assignment, and is very far from being one. In its nature it is a kind of security. *Lessee of Wilkins v. Wright*, 6 McLean, 340. It is a conveyance by the debtor of a specific portion of his real estate to trustees to pay the defendant's debt and some others. All the provisions are "susceptible of an honest application," and the case is quite within the doctrine of *State Bank v. Chapelle*, supra. The security was there given, as here, to a third person as trustee, and the circumstance that there was but one creditor does not affect the principle. The instrument was less regular than the writing now in question. In that case it was observed: "We do not think the questions applicable to general assignments have any bearing on a security which is only intended to secure a single debt on specific property. All of that doctrine is inapplicable. The doctrine is too elementary to bear discussion that a debtor may always give a *bona fide* security for any claim against him, and that fraud is a question of fact and not a question of law, in all cases where there is no statute to the contrary, and where an honest effect is possible."

The conclusion therefore is that the writing given to complainants is not void on its face. As there is no question of fraud in fact, no such question has been considered.

On the second ground only a few words are required. It is a general rule that one may make conveyance in his own State in accordance with its laws, of his movable property situated in another State, and that the courts of the latter, in case there are no statutes in the way, will accord the same respect to it which it would receive in the former. The tribunals of several States, however, have made a broad exception, and it is that where the conveyance is a voluntary assignment by an insolvent debtor of another State, the right of an attach-

ing home creditor will be preferred to the assignee, and the main argument is that justice and policy require the State to preserve and prefer the rights of its own people, and to exempt them from the laws of other States and from the force of transactions between citizens of other States.

The present objection is advanced on the strength of this exception, or rather on the strength of the principle which underlies it. Now whatever weight may be due to this policy of protection to home creditors, which is allowed to qualify the rule of comity that accords respect to transfers made in a different State by one citizen thereof to another, the case before us stands clear of all such considerations. It is not a title to movables which is in question. The suit relates to land only, and the law is clear that conveyance of real estate depends on the laws prevailing where it is situated. The owner, though a resident citizen of New York, was able to dispose of it lawfully to other resident citizens of the same State.

The transfer now in question was not an act of law, nor a proceeding in a course of insolvency. It was a spontaneous act of the party—a common law disposition— a transaction entirely grounded on the fundamental rights of ownership, and as we have seen already, a disposition in form and substance apparently valid under our laws.

The want of registry at the time the attachment was levied did not invalidate it. It was perfected, and lost nothing, as against the attachment, by the registry law. *Columbia Bank v. Jacobs,* 10 Mich., 349. The disposition is therefore not exposed to criticism for want of conformity to the laws of Michigan, and no sound reason is discovered to uphold a ruling against its superiority to the attachment.

The conclusion reached is required by our own decisions, and it appears to me unavoidable unless we reject their teaching and set aside views heretofore considered

settled.    The final consequence is that the decree below should be reversed and . one made here granting the relief prayed for, with costs of both courts to complainants.

The other Justices concurred.