SUSAN L. CHANDLER v. WILLIAM L. JENKS.

*Assignment for benefit of creditors—Exceptions.*

Where an assignment for the benefit of creditors limits the transfer to property "which might be reached or recovered by any of the creditors of the " assignee, it sufficiently excludes such property as would be exempt by law.

A bill filed by one who has made an assignment for the benefit of creditors and asking that the assignment should be so corrected as to secure to complainant his rights and exemptions in the property assigned, should specify the rights of exemption relied on, or present a statement of facts showing what they are and to what they apply.

A bill which seeks relief on the mistaken assumption of a fact which does not exist, but which is the only ground relied on, should be dismissed without prejudice.

Appeal from St. Clair. (Stevens, J.) Jan. 17.—Feb. 27.

BILL to reform assignment. Complainant appeals. Affirmed, but without prejudice.

*James L. Coe* and *Frank Whipple* for complainant.

*B. C. Farrand* for defendant.

GRAVES, C. J. In December, 1881, the complainant filed her bill alleging that on the 5th of September of that year she made a general assignment to the defendant for the benefit of creditors, and that he immediately accepted the trust "and in all things fully complied with the laws of this State to fully carry out and execute said trust;" that she did not intend to deprive herself of the exemptions given by law nor waive them, and that prior to such transfer and at the time of executing the assignment "she was advised and fully believed that the said paper or assignment would and did contain words reserving to her, your oratrix, her right of exemption under and by virtue of the laws of this State;" that said assignment nevertheless "by

mistake and error purports to convey all your oratrix's property and effects to the said Jenks, in trust, as aforesaid, without reserving to your oratrix her rights of exemption," and that said assignment in that particular "does not convey your oratrix's true intentions at the time of executing the same;" that the instrument was intended to be an assignment "of all her property and effects for the benefit of her creditors," but "subject to her rights of exemption in the said property and effects, as secured to your oratrix, under and by virtue of the laws of this State," and was not intended to transfer exempt property; that the defendant refuses "to recognize any rights of your oratrix to exemption under said assignment in its present form."

The object of the bill appears in the prayer, which is that the assignment may be "so corrected and reformed as to secure to your oratrix her rights and exemptions in said property and effects according to the true intent and meaning of your oratrix's said assignment."

The text of the bill omits to connect complainant with any specific right of exemption in the transaction or to present a statement of facts showing what her rights, if any, were in that respect, and to what items or interests or property they applied. The deficiency is only alluded to as showing the difficulty which in any view would stand in the way of relief. But as the case is shaped it is of no practical importance. The court below dismissed the bill and the complainant appealed and she now asks relief upon it.

Her counsel strenuously contends that the case made by the bill is wrong; that no mistake was made in the assignment, and that by its express terms whatever property she had which was exempt was excluded from the operation of the deed and was not transferred, and reliance is placed on the express words which confine the grant to property "which might be reached or recovered by any of the creditors of the said party of the first part." And no doubt this contention is correct. The mode of interpretation of such transactions is explained in the following cases: *Nye v. Van Husan* 6 Mich. 329; *Booth v. McNair* 14 Mich. 19;

*Watkins v. Wallace* 19 Mich. 57; *Palmer v. Mason* 42 Mich. 146; *Brooks v. Nichols* 17 Mich. 38; *Rosenthal v. Scott* 41 Mich. 632.

But it is not perceived in what manner this result favors a decree for the complainant. The object of the bill is single and specific and no construction is possible which would allow the case a double aspect. So far as any case is set up it is one alleging the existence of a mistake and seeking its correction. No other equity is suggested or in any way foreshadowed. Now when her counsel argues and the court finds that no such occasion existed for the bill, that the sole ground on which she comes into court for relief is not true, that the mistake which it is the sole object of the suit to correct has no existence and that the assignment originally operated as she claims it should operate, her right to a decree is obviously negatived. The effect is that by her own claim and according to the fact the bill wholly proceeds on a false assumption and that no relief would be possible without departing from the bill and assuming a case utterly repugnant to it.

The only course open is to vary the decree of dismissal so as to make it without prejudice and affirm it as thus varied. It is probable that this opinion of the assignment will lead to an adjustment without further contention and neither party to recover costs as against the other.

COOLEY and MARSTON, JJ. concurred.