## GEER *v.* TRADERS' BANK OF CANADA.

1. Trust Deeds—Creditors—Fraud.

   A conveyance of land in trust to sell for the benefit of creditors is authorized by statute (3 Comp. Laws, § 8839), and cannot be set aside on the ground that its effect is to hinder and delay other creditors.

2. Same—Presumptions.

   The presumption is in favor of the validity of such a conveyance, and that it was executed for a lawful purpose.

3. Same—Authority of Trustee to Rent.

   A trust deed for the benefit of certain creditors is not invalid

because it contains a provision that the trustee may rent the property.

4. SAME—SURPLUS AFTER PAYMENT OF CREDITORS—ATTACHMENT.
The surplus remaining after the payment of the creditors for whom the trust deed was made cannot be reached by an attachment levy upon the land.

Appeal from Wayne; Donovan, J. Submitted October 14, 1902. (Docket No. 54.) Decided February 3, 1903.

Bill by Harrison Geer, Joseph Turner, and Hezekiah M. Gillett, trustees, against the Traders' Bank of Canada, to set aside an attachment levy. From a decree for complainants, defendant appeals. Affirmed.

On July 22, 1896, James T. Hurst, a lumberman carrying on an extensive business in Michigan and elsewhere, being in financial difficulty, and desiring to provide for certain of his creditors, executed a deed of trust of certain real estate in the county of Wayne to the complainants, as trustees. Said deed recited that Mr. Hurst was indebted to certain parties therein named,—nine in all,—specifying the amount due to each; the aggregate being $514,000. One claim is to be paid in full; the rest to be paid *pro rata* from the assets. It then recites that the land is conveyed to complainants for the following uses and purposes:

"1. To assume possession' thereof, to manage and rent, and out of the rents and proceeds of sale to pay taxes, insurance, liens and incumbrances, if any, and their reasonable expenses.

"2. To sell and convey said property, or any part or interest therein, and to make, execute, and deliver deeds of conveyance thereof, at such prices and upon such terms and conditions as they shall deem best.

"3. From the proceeds of rents and sales of said property, after the payment of accrued taxes, insurance, and expenses, to first pay the said claim of Nelson Holland, with interest, and from the remainder of such proceeds, as the same shall come to their hands, to pay the balance of said claims *pro rata*.

"4. The surplus, if any, shall be paid to said James T. Hurst, or to such person or persons as he shall direct."

Then follows a description of the property.

The deed was duly executed, and recorded on the day of the execution at 3 o'clock p. m.   On the same day the defendant levied an attachment upon this same property at 4:23 p. m.   The land conveyed did not include all of Mr. Hurst's property, but only certain lands in Wayne county. Neither were the creditors therein provided for all his creditors.

The object of complainants' bill is to remove the cloud upon their title created by the attachment.   Two objections are interposed on behalf of the defendant:   (1) That the trust deed is, in effect, an attempted common-law assignment, and void as to all the creditors; and (2) that, if it is a mortgage security, it must be enforced by foreclosure as a mortgage, and, if a mortgage, the attachment levy must stand, because defendant is in that event entitled to redeem.   Proofs were taken in open court, and decree entered for the complainants.

*Russel & Campbell* (*Harrison Geer* and *Henry M. Campbell*, of counsel), for complainants.

*H. M. & D. B. Duffield*, for defendant.

GRANT, J. (*after stating the facts*).   This conveyance was before the United States circuit court of appeals, and was there attacked by the same counsel, and for the same reasons that are now urged against it.   *Ontario Bank* v. *Hurst*, 43 C. C. A. 193, 103 Fed. 231.   The instrument is there given in full, and an able opinion filed, written by Judge Day, in which various decisions of this court are cited and discussed.   The conveyance was upheld.

We will not attempt a review of the many cases involving conveyances made to secure creditors.   If there be any apparent conflict between the decisions on this important question, it is because of the difficulty in laying down

and applying a conclusive test to each case.  The rule is not in doubt.  The difficulty lies in applying it.  We reach the same conclusion as that reached by the federal court, and for the reasons therein stated.  Whatever the decisions of other courts may be, it is the settled rule of this court that it is not a sufficient reason to set these conveyances aside that their effect is to hinder and delay other creditors, or even that the parties contemplated that other creditors might thereby be delayed in enforcing their debts. *McMorran* v. *Moore*, 113 Mich. 101 (71 N. W. 505); *Webber* v. *Webber*, 109 Mich. 147 (66 N. W. 960).  The presumption is in favor of the validity of such instruments, and courts will ascribe to the parties thereto an honest, rather than an unlawful, purpose.  *Palmer* v. *Mason*, 42 Mich. 146 (3 N. W. 945).  Conveyances of land in trust to sell for the benefit of creditors are expressly authorized by statute.  3 Comp. Laws, § 8839.

By the instrument now in question, certain lands are conveyed to complainants for the sole purpose of selling them and paying the debts therein provided, and turning the surplus, if any, over to the grantor.  The provision authorizing the trustees to rent does not invalidate the trust.  The authority to rent is not in conflict with the authority to sell.  Without this provision the trustees would have the same authority to rent previous to sale. As expressed in the deed, it means no more than that the trustees may rent until they can, in their judgment, sell to advantage.  If such deed is not valid, the statute is of little use.  Other creditors may have an interest in the surplus that remains, but they cannot reach it by attachment levy.  It is clear that trust lands cannot be sold to advantage, if they can be sold at all, with an attachment levy made thereon.  Such a conveyance is not a mortgage. It is an absolute conveyance of the title expressly authorized by statute, subject to be reconveyed to the grantor upon his paying the debts mentioned therein.  It is in the nature of a mortgage, but is not a mortgage in fact, and does not require foreclosure proceedings.  The trustees

are entitled to have the property discharged from all subsequent levies, in order that they may carry out the power conferred upon them, and sell the property to advantage. We think the case of *Palmer* v. *Mason, supra,* rules this.

The decree is affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.