WILLIAM W. FURY v. WILLIAM H. STROHECKER.

44  337
117  457

*Title to crops on land fraudulently transferred.*

A judgment creditor is entitled to crops grown upon the land of his debtor after it has been transferred in fraud of his rights, so far at least as the fraudulent grantor retains an interest in them by an understanding with the grantee; and where there is reason to suppose there is such collusion all doubts should be solved in the creditor's favor.

Considerable latitude is allowed in the introduction of evidence tending to show fraud.

Error to St. Joseph. Submitted June 10. Decided Oct. 13.

ASSUMPSIT. Defendant brings error. Reversed.

*H. H. Riley* for plaintiff in error.

*Bean & Eaton* for defendant in error. A judgment creditor cannot levy upon crops not in existence at the time when the land upon which they are grown was conveyed in fraud of his rights: *Pierce v. Hill* 35 Mich. 201; *Peters v. Light* 76 Penn. St. 289; *Jones v. Bryant* 13 N. H. 53.

MARSTON, C. J. The principal question in this case relates to the right of a judgment creditor to crops grown upon lands fraudulently conveyed, and which were not in existence at the time the fraudulent transfer was made.

There is much to be said against the right of the creditor in such cases, and no doubt he may, by mere lapse of time or otherwise, so acquiesce in the transfer that he could not follow the crops grown thereon by the grantee.

So there may be cases where the labor and capital, one or both, of the grantee, enters so largely into the crop or product, that it would be inequitable to permit the creditor of the fraudulent grantor to make any claim to the crop while permitting the conveyance to stand. Upon such and kindred cases we neither express nor intimate any opinion.

Where, however, the debtor for the purpose of defrauding his creditors makes a conveyance of his real estate, yet retains the possession, or receives the rents, issues and profits thereof in whole or in part, the mere fact that the grantee is the ostensible owner of the farm or its products, or that the crops had not been sown or planted at the time of the fraudulent conveyance, should not deprive the creditor of his right to resort to the crops, at least to the extent of the fraudulent grantor's interest therein, in satisfaction of his debt.

The conveyance is good as between the parties thereto, and the grantee may, as against the fraudulent grantor, retain what he has received and reap the fruits thereof for his own exclusive benefit. Or he may in pursuance of the fraudulent agreement, carry on the business apparently for himself, but in fact, in whole or in part, for the use and benefit of the fraudulent grantor, thus enabling him to reap the benefit, in part at least, of an owner in fact while not in appearance.

In such cases there can be no good reason against the creditor taking the crops so raised, and if any doubt exists in a given case it should be solved in favor of the honest creditor. A grantee who thus lends himself to the fraudulent grantor should run all the risks, for if he loses it is but one of the results of his own voluntary act.

In reference to the other questions raised, this court has repeatedly held that a broad latitude should be allowed in the introduction of evidence tending to show fraud, and we need not pass upon the several questions raised.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.