## NIEMANN *v.* NIEMANN.

TRIAL—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE—NUMBER OF WITNESSES.

Where the trial court, in instructing the jury as to the preponderance of evidence, evidently intended to charge that "a fair preponderance of the evidence does not necessarily mean a greater number of witnesses," but he inadvertently omitted the word "necessarily," said omission, if error, *held,* not reversible, in view of the context, wherein the court made clear to the jury what their province was, and that the plaintiff must produce such evidence as convinced them of his claim.

Error to Wayne; Moynihan (Joseph A.), J.   Submitted October 4, 1923.   (Docket No. 26.)   Decided December 19, 1923.

Assumpsit by John Niemann against George Niemann for money had and received.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Ward N. Choate,* for appellant.

*Schmalzriedt, Frye & Granse,* for appellee.

BIRD, J.   Plaintiff sued defendant, his son, to recover a loan of $2,000 which he had made to him to purchase a home, on the agreement, as he claimed, that defendant should repay it if he needed it later. The son admitted receiving the money, but denied it was a loan.   He claimed it was in payment of services for remaining at home on the farm after his brothers went away and left plaintiff with no one else to assist him.   The conflicting claims of the parties were submitted to the jury and they returned a verdict for plaintiff.   Defendant assigns error.

Defendant requested the trial court to charge the jury that:

"You have a right to consider the number of witnesses in determining the preponderance of proof. It is not necessarily the greater number of witnesses, but you should examine the testimony of all the witnesses, and if you are satisfied that the witnesses are telling the truth, the number of witnesses should be considered by you in determining the preponderance of the testimony."

When the trial court reached that subject in his charge he instructed the jury, as follows:

"The plaintiff, in order to recover in this action, must satisfy you by a fair preponderance of the evidence of his claim, and so I charge you that a fair preponderance of the evidence does not mean the greater number of witnesses. It is not incumbent upon the plaintiff to produce a greater number of witnesses than the defendant has produced, but he must produce such evidence as convinces you of its truth and sincerity."

The point is made that it was error to charge the jury that:

"a fair preponderance of the evidence does not mean the greater number of witnesses."

This does not appear to be a correct statement of the rule. In any given case it might or might not mean a greater number of witnesses. This would depend upon the degree of credence which the jury gave to their testimony. The trial court quite likely intended to use the word "necessarily" between the words "not" and "mean," but inadvertently omitted it. But for this omission it would read:

"a fair preponderance of the evidence does not *necessarily* mean the greater number of witnesses."

This has been held to be a correct statement of the rule. *Strand* v. *Railway Co.*, 67 Mich. 380. While

counsel may be right in his contention that this statement of the rule was error we are inclined to the opinion that it was not reversible error by reason of the context. Following the statement complained of the court said to the jury:

"It is not incumbent upon the plaintiff to produce a greater number of witnesses than the defendant has produced, but he must produce such evidence as convinces you of its truth and sincerity. * * *

"I further charge you, gentlemen of the jury, that you are the sole judges of the facts. You are in this instance to determine the rights or wrongs of the parties. You are the judges of the credibility and of the weight of the evidence produced in this case. In determining the credibility of witnesses you are to take into consideration the interest or the lack of interest which witnesses take in controversy; you are to take into consideration the manner in which the various witnesses have given their testimony upon the stand and the opportunity they have had for conservation; you are to take into consideration the knowledge they have of the subject concerning which they testify and their bias or prejudice as shown by the testimony in the case. These are some of the tests which you should apply in judging their testimony. * * *

"Now, with reference to your being the judges of facts, gentlemen of the jury, that is your province solely and alone. It would be just as improper for the court to attempt to invade your province with reference to the disposition of the facts in this case as it would be improper on your part to invade the province of the court with reference to giving to you the law of the case."

We think these instructions made it clear to the jury what their province was and that they were not misled by the misstatement of the rule, as the court immediately thereafter instructed them that the plaintiff must produce such evidence as convinced them of his claim. See *Gardner* v. *Russell*, 211 Mich. 647.

Counsel for appellant cites *Depuis* v. *Traction Co.,*

146 Mich. 151, wherein the court charged the jury that,

"the number of witnesses has nothing to do with the case in the determination of the question of preponderance of the evidence."

This case is easily distinguishable from the present one because of the difference in the instruction.

As we find no reversible error, the judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.